# EXHIBIT 1

RECEIVED

OCT 18 2024

Attorney General's Office
General Services Tumwater

Received & Filed - Superior Court
Lewis County, Washington

OCT 18 2024

Scott Tinney
Lewis County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF LEWIS

LAURIE PYNE,

                    Plaintiff,

    v.

CENTRALIA COLLEGE, a state community
college; ROBERT MOHRBACHER,
individually and in his official capacity as the
Chief Executive Officer of Centralia College,
and JANE DOE MOHRBACHER, husband and
wife and the marital community composed
thereof; WASHINGTON STATE
DEPARTMENT OF CORRECTIONS, a
Washington agency; DAN WHITE, individually
and in his official former capacity as the
Superintendent of Washington Corrections
Center; CHERYL STRANGE, individually and
in her official capacity as the Secretary of the
Department of Corrections; and JANE AND
JOHN DOES,

                    Defendants.

No. **24 2 0106221**

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 1

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

# INTRODUCTION

Washington's Constitution and Legislature created broad protections for Washington State teachers and faculty who have been granted Tenure, recognizing the important benefit Tenured faculty have on our educational systems. Tenure is a constitutionally protected and statutorily protected property interest that cannot be taken away without due process of law and sufficient cause.

## I.      PARTIES

1.1    Plaintiff Laurie Pyne is a former tenured professor with Centralia Community College residing in Tenino, Washington.

1.2    Defendant Centralia College is a legislatively created state community college located in Centralia, Washington, and the former employer of Plaintiff.

1.3    Defendant Robert Mohrbacher is the Chief Executive Officer for Centralia College in Centralia Washington. Mohrbacher is an employer, officer, vice principal, or agent of the employer, for purposes of RCW 49.52.070 and other statutes attributing liability for claims herein. Upon information and belief, Mohrbacher resides in Lewis County, is married, and performed the alleged acts and omissions for his own personal benefit or the benefit of his marital community.

1.4    Defendant Washington State Department of Corrections (DOC) is an executive branch governmental agency located outside Shelton, Mason County, Washington, and the former employer of Plaintiff.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 2

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

1.5    Defendant Dan White is the former the Superintendent of Department of Corrections, and an employer, officer, vice principal, or agent of the employer, for purposes of RCW 49.52.070 and other statutes attributing liability. Upon information and belief, White performed the alleged acts and omissions for his own personal benefit or the benefit of WCC and the DOC. White's residence is unknown.

1.6    Defendant Cherly Strange, is the Secretary for the Department of Corrections, and an and an employer, officer, vice principal, or agent of the employer, for purposes of RCW 49.52.070 and other statutes attributing liability. Upon information and belief, Strange performed the alleged acts and omissions for her own personal benefit or the benefit of the DOC. Strange's residence is unknown.

1.7    Defendants Jane Does and John Does, were an employer, officer, vice principal, or agent of the employer, for purposes of RCW 49.52.070 and other statutes attributing liability for claims herein.


## II.    JURISDICTION AND VENUE

2.1    This court is a court of general jurisdiction and has subject matter jurisdiction over the claims alleged in this complaint under RCW 2.08.010 and RCW 49.60.030(2).

2.2    This court has personal jurisdiction over the defendants because the causes of action adverse to Plaintiff, which are predicated upon the alleged actions and omissions by Defendants, arose in Lewis County, Washington. RCW 4.92.010(2).

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 3

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

2.3    On August 16, 2024, Pyne filed a notice of tort claim with the Washington State Department of Enterprise Services regarding the tort claims alleged in this Complaint. More than 60 days have elapsed since the filing of that notice.

2.4    Plaintiff has standing to bring this Complaint because she is aggrieved and adversely affected by Defendants' acts and omissions. Plaintiff has had to expend money to protect her Tenure Contract and employment rights.

### III.    FACTS

3.1    Upon information and belief, Plaintiff Laurie Pyne incorporates the foregoing paragraphs as though fully set forth and alleges the following:

3.2    Plaintiff was a tenured faculty member employed by Centralia College and Department of Corrections (DOC) up until her tenure was dismissed effective April 30, 2023.

3.3    Plaintiff Pyne was hired on or about October 19, 2018.

3.4    Defendants first granted Plaintiff a Tenure appointment on or about March 11, 2021.

3.5    Defendants Centralia College, Mohrbacher, and Department of Corrections, following a unanimous recommendation by a Review Committee, joined in the appointment of Pyne's tenure.

3.6    Plaintiff was not at-will.

3.7    On or about June 1, 2021, Plaintiff executed a Professional Personnel Contract ("Tenure Contract").

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 4

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

3.8    The Tenure Contract provides for Plaintiff's Tenured Faculty Appointment employment status and remuneration.

3.9    As tenured faculty for Defendants, Plaintiff enjoyed teaching inmates at DOC's Washington Corrections Center (WCC) outside of Shelton, WA. She is a devoted and dedicated professor who enjoys teaching and creating a positive learning environment for her students.

3.10    Upon information and belief, at the time the Tenure Contract was executed by Plaintiff, Defendants had not negotiated or bargained for (1) making disclosure of a "vaccine status" a required term and condition of employment, or (2) requiring mRNA COVID-19 vaccines as a term and condition of employment.

3.11    The Tenure Contract provides that federal or state laws that are adopted and/or amended and which relate to the employee's performance during the period of time covered by the contract, may be enforceable "so long as any policies adopted by the Board of Trustees do not conflict with any provision in any negotiated agreement in existence during the period of time covered by this contract."

3.12    The Tenure Contract further provides that nothing in the contract precludes salary reductions or other changes in conditions of employment "if required by the *laws of Washington State Legislature* or the rules of the *State Board for Community College Education* (SBCCE) provided that that all statutes, rules, policies and contract provisions pertaining to reductions are followed."

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 5

3.13   On or about August 19, 2021, Elizabeth Grant, Plaintiff's immediate supervisor, asked Plaintiff her vaccine status.

3.14   That same day, Defendants sent out dosage timelines for the COVID-19 injections.

3.15   On or about September 3, 2021, Erica Holmes, Vice President of Human Resources, sent an email to staff along with a copy of the August 20, 2021, Governor Inslee Proclamation 21-14-.1 stating, "This proclamation makes vaccination a condition of employment for all college employees, including student employees."

3.16   Ms. Holmes attached a copy of the August 20, 2021, Governor Inslee issued COVID-19 Proclamation.

3.17   The Governor's Proclamation fails to address Tenured faculty.

3.18   On or about September 16, 2021, Holmes sent an email to "remind" Plaintiff to enter her vaccination status in ctcLink—a community and technical college database.

3.19   Holmes further stated that entering the personal medical data "is a requirement."

3.20   On or about September 21 or 22, 2021, Grant called Plaintiff into Grant's office to discuss Plaintiff's medical status. At this meeting, Plaintiff voiced multiple concerns and objections about the new health data disclosure requirement and the new vaccine requirement, and overall concerns about safety.

3.21   Upon information and belief, Grant conveyed Plaintiff's medical status to one or more of the Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 6

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

3.22    Defendants mailed a certified letter dated October 1, 2021, and postmarked October 2, 2021, with the subject, "Notice of intent to Separate for Non-disciplinary Reasons."

3.23    This letter contains no reference to Plaintiff's status as a tenured employee.

3.24    This October 1, 2021, letter states that Plaintiff must be "fully vaccinated by October 18, 2021, and to meet this requirement, Plaintiff "must have received the last dose of the vaccine by October 4, 2021."

3.25    This October 1, 2021, letter further states, "If you provide proof of being fully vaccinated, Centralia College will rescind this pre-separation notion [sic]."

3.26    On or about October 18, 2021, Defendants Centralia College and Mohrbacher sent Plaintiff a "Notice of Non-disciplinary Separation" that unilaterally places Plaintiff an on unpaid administrative leave.

3.27    Defendants' October 18, 2021, letter contains several inaccurate and misleading statements. For example, it erroneously cites to WAC 357-46-195 ("May an employer separate an employee for nondisciplinary reasons?") and WAC 357-46-200 ("What is the notice requirement before separating an employee for nondisciplinary reasons under the provisions of WAC 357-46-195?").

3.28    Defendants' October 18, 2021, letter provides that Plaintiff could request a "hearing" if requested in writing in 20 days, but failed to offer a *Loudermill* hearing or name-clearing or *Weingarten* hearing for any alleged disciplinary conduct.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 7

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

3.29    Defendants' October 18, 2021, letter fails to cite to Chapter 28B.50 RCW, et seq., the Tenure Contract, or Plaintiff's tenure position. Instead, the letter asserts that if Plaintiff does not ask for a hearing it would constitute acceptance of the dismissal.

3.30    Defendants' October 18, 2021, letter fails to identify whether the review committee had convened prior to making the decision to dismiss Plaintiff from employment.

3.31    On or about October 26, 2021, Plaintiff submitted a response to Defendants requesting a hearing along with a religious exemption request form.

3.32    The religious exemption questionnaire asked Plaintiff to certify that she has "a sincerely held religious belief or religious conviction that prevents [her] from receiving the COVID-19 vaccine." Plaintiff checked the box, *Yes.*

3.33    The questionnaire further asked that Plaintiff certify that she "affirm/agree that [she] have never received a vaccine or medicine from a health care provider as an adult. In the blank, Plaintiff wrote, "N/A. Constitutionally invalid question."

3.34    On or about October 29, 2021, Defendant Mohrbacher emailed Plaintiff an acknowledgement, stating they had received Plaintiff's request for a hearing and would be "in touch soon with next steps."

3.35    No further communication was provided to Plaintiff about the reduction of salary.

3.36    On or about November 2021, Plaintiff was notified by Human Resources that her benefits were cut off.

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

3.37    During the period of time between about October 18, 2021 to about May 2, 2023, Plaintiff's tenure position was without pay or benefits.

3.38    Defendants failed to renew Plaintiff's Tenure Contract in June-July 2022.

3.39    There was a two-day hearing before the Office of Administrative Hearings December 14-15, 2022.

3.40    At the December hearing, Mohrbacher testified to new reasons for the dismissal, reasons that he believed would count as sufficient cause. Plaintiff was not provided proper notice of these new allegations.

3.41    On or about May 2, 2023, and following the unduly lengthy and unfair administrative "hearing" process of about nineteen (19) months, Plaintiff was served notification from the Centralia College Board of Trustees, indicated that Plaintiff's tenure position was dismissed effective April 30, 2023.

3.42    None of the Defendants established, with any valid legislative support or medical authority that the requirements to disclose one's vaccine status or a COVID-19 vaccine was a legitimate Bona Fide Occupational Qualification (BFOQ) in employment.

3.43    Defendants created an unlawful and unconstitutional "exemption" process, whereby Defendants shifted the burden onto the *employee* to initiate a special request to be "exempted" from the COVID-19 medical injections.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 9

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

3.44    Defendant Centralia College only offered two types of "exemptions": (1) religious beliefs or religious convictions, or (2) medical.

3.45    Although Plaintiff submitted a religious exemption, Defendants ignored her objections and complaints.

3.46    Neither Defendants DOC nor Centralia College required inmates to get vaccinated.

3.47    Evidence shows that both vaccinated individuals and unvaccinated individuals can contract and transmit COVID-19.

3.48    Defendants did not produce any evidence showing a correlation between receiving a vaccination and a reduction in the spread of COVID-19.

3.49    Defendants did not explicitly offer an exemption for "Creed," one's conscience, or constitutional objections.

3.50    Defendants Centralia College and Mohrbacher used a medical exemption form that required a waiver and authorization to Release Information to Human Resources. The medical exemption form indicates that GINA protections apply, but failed to reference the Health Information Portability and Accountability Act (HIPAA) or Washington law, Chapter 70.02 RCW, Medical Records – Health Care Information Access and Disclosure.

3.51    On or about November 24, 2021, Defendant Mohrbacher responded to Plaintiff's email stating they are contracting with an agency in Olympia to provide a hearing officer. Dr. Mohrbacher copied Assistant Attorney General Matthew Barber of the

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 10

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

WA State Attorney General's Office, who had not entered a notice of appearance. AAG Matthew Barber provided his notice of appearance on or about January 19, 2022.

3.52    During Plaintiff's employment period without pay, Defendants failed to consider reinstatement or accommodations or to interact with her about her objections and complaints.

3.53    Plaintiff was a paid union member in good standing with the Centralia College Federation of Teachers, Local #4469 AFT/AFL-CIO.

3.54    Plaintiff was not offered a *Loudermill* hearing or a *Weingarten* hearing by Defendants or the union after Defendant Mohrbacher testified to new allegations of disciplinary conduct.

3.55    Defendants changed the composition of the review committee during the dismissal process, outside of RCW 28B.50.869 and not accordance with article XVI, § 6 of the Collective Bargaining Agreement.

3.56    Mark Gorecki, union president, testified at the December 2022 hearing that the COVID-19 vaccine was not bargained for by the union and Defendants as a term or condition of employment.

3.57    Defendants failed to bargain or negotiate with Plaintiff or the union regarding any proposed terms and conditions of employment.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 11

3.58    Defendants required Plaintiff to disclose Plaintiff's medical information and protected health information to her supervisor and a ctcLink database, which could be accessed by multiple people.

3.59    Defendants rolled a new "exemption" process limited Plaintiff's right to opt out to only two exemptions: (1) religious or religious convictions, and (2) medical, subject to a pre-authorization release of confidential medical information.

3.60    Plaintiff was served notice by Centralia College Board of Trustees on or about May 2, 2024, that they had decided to uphold the decision to terminate tenure. Plaintiff was dismissed effective April 30, 2023.

## IV.    CAUSES OF ACTION AGAINST DEFENDANTS

### A.  Breach of Contract

4.1    Plaintiff realleges the allegations of the Complaint as if fully incorporated herein.

4.2    Plaintiff executed the Professional Services Contract ("Tenure Contract") offered by Defendants Mohrbacher and Centralia College on or about June 1, 2021.

4.3    Defendants Mohrbacher and Centralia College breached the Tenure Contract Agreement by unilaterally altering the terms and conditions of the Tenure.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 12

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.4   Defendants' breach of Tenure Contract was willful and intended to deprive Plaintiff of salary and benefits, thereby giving rise to a claim for double exemplary damages under RCW 49.52.050 and RCW 49.52.070.

4.5   Defendants Centralia College and Mohrbacher have control over Plaintiff's employment status and payment of wages and work assignment locations.

4.6   Defendants Department of Corrections, White, and Strange had control over Plaintiff's work assignment locations.

4.7   Upon information and belief, on or about sometime in October to December 2021, Defendants stopped paying Plaintiff's salary, benefits, and prevented her from accruing benefits and tenure.

4.8   Defendants' violation of RCW 49.48.010 was willful and deprived Plaintiff of her salary, benefits, and benefit accruals.

4.9   Plaintiff did not knowingly submit to the deprivation.

4.10  Defendants are liable to Plaintiff for double exemplary damages under RCW 49.52.050 and RCW 49.52.070, reasonable attorneys' fees and costs, and other damages, including for loss of income, loss of earning power, loss of benefit accruals, pension, and health benefits, anxiety, distress, humiliation, stigmatization, and loss of enjoyment, attorneys fees and costs, and other harms, in amounts proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 13

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

## B. **Breach of Good Faith and Fair Dealing**

4.11    Defendants Centralia College and Mohrbacher breached the duty of good faith and fair dealing to Plaintiff.

4.12    Defendants failed to pay Plaintiff's salary and benefits without sufficient cause.

4.13    Defendants gave new, unnoticed reasons to justify "cause" at the December 2022 hearing.

4.14    Defendants did not act to protect Plaintiff's tenure rights at the December hearing.

4.15    Defendants Centralia College, Robert Mohrbacher, failed to offer to renew the contract in June 2022 in good faith, thereby continuing the breach.

4.16    Defendants subjected Plaintiff a new, previously un-contracted for "dismissal" review process whereby it shifted the adjudication over to the Office of Administrative Hearings. Defendants (1) failed to provide proper written notice for termination for any alleged sufficient cause, (2) failed to give plaintiff adequate 30-day window to remedy any such perceived shortfalls, (3) failed to give plaintiff an opportunity to exercise her representation right prior to any considered change becoming final, (4) failed to act with good faith in processing Plaintiff's Notice of Termination for non-disciplinary reasons.

4.17    As the direct and proximate cause of Defendants' breach of duty and acting in good faith, Defendants are liable for the subsequent economic harms to Plaintiff including loss of income, loss of earning power, loss of benefit accruals, pension, and health

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 14

benefits, anxiety, distress, humiliation, stigmatization, and loss of enjoyment, attorneys fees and costs, and other harms, in amounts proven at trial.

## C.    Washington Wage Act Claim (Wage Theft)

4.18    Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.19    Plaintiff, at all relevant times to the Contract, was protected by the wage and hour laws of the state of Washington as set forth in RCW 49.52.

4.20    Defendants failed to pay Plaintiff's salary and benefits beginning on or about October 2021.

4.21    Defendants failed to provide a *Loudermill* hearing or Weingarten hearing before removing Plaintiff's pay and benefits and keeping her in a "still employed" status. not on Defendants are liable for double damages plus attorneys' fees and costs, in an amount to be determined at trial.

4.22    As the direct and proximate cause of Defendants' failure to pay salary and benefits Defendants are liable for subsequent economic harms that flowed therefrom, including but not limited to loss of tenure and seniority, loss of income, loss of earning power, loss of benefit accruals, pension, and health benefits, attorneys fees and costs, and other harms, in an amount to be determined at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 15

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

### D.   Washington Wage Rebate Act Claim / (Wage Theft)

4.23   Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.24   Plaintiff, at all times relevant to the Tenure Contract, was protected by the wage and hour laws of the State of Washington, as set forth in RCW 49.52 et seq.

4.25   Upon information and belief, Defendants willfully and with intent to deprive Plaintiff of any part of her wages, rebated Plaintiff's wages, thereby unjustly enriching itself at Plaintiff's expense.

4.26   Defendants' actions were willful and intended to deprive plaintiff of wages due under the contract and RCW 49.52.050(2), thereby giving rise to a claim for double exemplary damages under RCW 49.52.050 and RCW 49.52.070.

4.27   Defendants withholding of tenure salary payments and benefits while keeping Plaintiff in an employed and unpaid leave status, without complying with RCW 28B.50 et seq., and due process, violates Washington wage and hour law.

4.28   Plaintiff is entitled to double damages, plus attorneys' fees and costs in an amount to be determined at trial.

### E.   Wrongful Termination in Violation of Public Policy

4.29   Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 16

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.30   It is a well-recognized public policy in the State of Washington that tenured faculty in higher education are valuable assets—to the student body, to the State community and technical college, and the public at large.

4.31   It is also a well-recognized public policy in our State that recruiting, hiring, and retaining tenured faculty in our community colleges increases student learning outcomes and success, and enhances the attractiveness of the community college so as to draw needed tuition funding and tuition dollars from interested students.

4.32   It is also a well-recognized public policy that investing in our inmate education program at the Washington Corrections Center (WCC) outside of Shelton, WA, is integral to educating the prison population and giving inmates a second chance to return to society with enhanced education and vocational skills, and being less likely to reoffend. Having a tenured professor adds to the continuity and quality of the education program at WCC.

4.33   Plaintiff is a devoted and dedicated professor who enjoys teaching and helping to improve the inmate population through educational excellence.

4.34   It is also a well-recognized public policy that people of diverse faculty populations, including those individuals having a sincerely held religious faith, belief, or creed enhance the diversity of the educational institution. RCW 28B.50 et seq.

4.35   It is also a recognized public policy that government comply with constitutional guarantees and to respect a person's medical privacy and autonomy.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 17

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.36    Considering these and other public policies, and in recognizing the symbiotic benefit between students and tenured faculty, and the benefits to the College, faculty member, faculty having attained tenure, cannot be dismissed except for sufficient cause.

4.37    Defendants White and DOC failed to offer Plaintiff any accommodation or engage in the interactive process.

4.38    Plaintiff was a tenured professor in good standing, and was dismissed for "non-disciplinary reasons." Such reasons to not constitute "sufficient cause."

4.39    Defendants violated Article I, § 22 of the Washington State Constitution by dismissing Plaintiff without sufficient cause, and discriminated against her religious beliefs and creed in violation of public policy.

4.40    Defendant Department of Corrections was requiring Pyne "to authorize release of your medical records to DOC if you are requesting a medical exemption." As a Centralia College tenured employee, working onsite at the DOC location, she was required to submit Centralia College's forms to the HR Department at the Department of Corrections. This process contributed to Plaintiff's job loss.

4.41    Defendants are liable or vicariously liable to Plaintiff for damages proximately caused by the wrongful termination in direct contravention of public policy in amounts to be proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 18

## F.    Retaliation

4.42    Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.43    The Washington Law Against Discrimination (WLAD), RCW 49.60.210(1), and the common law protects employees against unlawful retaliation and retaliatory discharge by an employer when an employee complains about a protected issue or opposes discrimination and unconstitutional protections.

4.44    In September 2021 and October 2021, Plaintiff engaged in protected activities, including but not limited to opposing the experimental COVID-19 injections, and in the required disclosure of her medical status to her supervisor.

4.45    Plaintiff submitted a religious exemption request form, and objected in writing to the constitutional violations.

4.46    Defendants ignored Plaintiff's objections, complaints, and exemption request.

4.47    Plaintiff's protected opposition activities undertaken while Plaintiff was still employed and prior to her dismissal, which according to Defendants, was effective April 30, 2023.

4.48    Defendants failed to initiate or engage in an interactive process with Plaintiff.

4.49    Defendants retaliated against Plaintiff's membership in a protected class by terminating her salary and benefits without due process and without sufficient cause, in violation of the Tenure Contract, and without prior review by a properly formed review committee.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 19

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.50    Defendants further retaliated against Plaintiff by subjecting her to an unfair and biased dismissal process which was more like an appeal of a decision already made.

4.51    The evidentiary appeal hearing before the Office of Administrative Hearings had been newly contracted for Plaintiff's pre-dismissal proceeding. Plaintiff was not included in that process in retaliation for her opposition activities.

4.52    Upon information and belief, Defendants opposed or failed to protect Plaintiff's rights to tenure by reason of her unwillingness to provide her medical status to her supervisor or enter it into the ctcLink database, then retaliated against her.

4.53    Upon information and belief, Defendants opposed or failed to protect Plaintiff's rights to tenure by reason of her unwillingness to receive the COVID-19 injection and be "fully vaccinated" by October 4, 2024, then retaliated against her.

4.54    Upon information and belief, Defendants opposed or failed to protect Plaintiff's rights to tenure by subjecting her to a newly created exemption process to receive the COVID-19 injections and be "fully vaccinated" by October 4, 2024.

4.55    Upon information and belief, Defendant Mohrbacher retaliated against Plaintiff by asserted new alleged reasons for the dismissal, which contradicted the "non-disciplinary" nature of the separation. Defendants failed to give Plaintiff prior notice of these new allegations, and the unsupported allegations caused emotional distress and other harms.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 20

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.56    Defendants are liable for all damages that proximately caused by unlawful retaliation, including but not limited to economic harms, vocational damage, reputational damage, loss of enjoyment of life, and humiliation, in amounts to be proven at trial.

**G.    Discrimination for perceived physical impairment under WLAD, RCW 49.60**

4.57    Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.58    RCW 49.60.030 sets forth an individual's right to be free from discrimination in employment because of the presence of any sensory or physical disability or perceived disability. RCW 49.60.180 prohibits discrimination on the basis of an actual or perceived disability.

4.59    The definition of what constitutes a 'disability' under WLAD is broader than the under the ADA, and includes actual or perceived conditions of impairment.

4.60    Washington's legislature adopted an expansive definition of what is a "disability" to protect workers from discrimination and unfair treatment by reason of their actual disability or a perceived disability or impairment. A disability is defined as a "sensory, mental, or physical impairment that…(i) [i]s medically cognizable or diagnosable; or (ii) [e]xists as a record or history; or (iii) [i]s perceived to exist whether or not it exists in fact," and may include an impairment that affects one or more of the body's systems. RCW 49.60.040(7).

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 21

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.61    Defendants perceived or regarded Plaintiff as having an impairment or disability.

4.62    Defendants unlawfully claimed that October 4, 2021 and/or October 18, 2021, was the cutoff date, after which neither accommodation nor employability would be considered. The imposed cutoff for a medical procedure is arbitrary and capricious.

4.63    Defendants unlawfully shifted the responsibility to Plaintiff to initiate a medical exemption, rather than engage in an interactive process after deeming her impaired,

4.64    Defendants failed to allow her to perform the job with or without accommodation.

4.65    Defendants were aware of Plaintiffs objections to the safety and evidentiary support for the vaccine but nonetheless did not explore any available alternatives to attempt to accommodate Plaintiff's concerns.

4.66    Defendants failed to explore any reasonable accommodation with Plaintiff after perceiving or regarding her as having an impairment conflicting with her job as a tenured professor.

4.67    Defendants terminated Plaintiff based on their perceived physical disability of Plaintiff.

4.68    Defendants failed to represent Plaintiff in the decision to terminate after regarding Plaintiff as physically disabled or impaired.

4.69    Defendants failed to undertake the undue hardship analysis with respect to Plaintiff's employment as a tenured professor.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 22

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.70    Defendants dismissed Plaintiff from her faculty position due to Defendants' perception that Plaintiff had a physical disability.

4.71    Defendants actions and inactions were the actual and proximate cause of Plaintiff's damages, in amounts to be proven at trial.

## H. Religious Discrimination and Failure to Accommodate or Engage in the Interactive Process

4.72    Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.73    The Washington Law Against Discrimination (WLAD), RCW 49.60 prohibits any employer from refusing to hire any person or discharging, or barring any person from employment, or discriminating against such person in compensation or other terms and conditions of employment. RCW 49.60.030 sets forth an individual's right to be free from discrimination in employment because of religious beliefs or creed.

4.74    Plaintiff holds a sincere religious belief that prevents vaccination. Plaintiff also believes the untested and experimental mRNA technology has the potential or actually causes a physical change to Plaintiff's God-given DNA. The vaccine requirement violates her sincerely held religious beliefs and her constitutional rights.

4.75    Plaintiff espouses to the sanctity of life, that medicine is normally not a one-size-fits-all, that personal medical decisions are to be between the provider and patient, and that her health information is confidential and not subject to disclosure or redisclosure absent a legitimate need to know.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 23

4.76    Plaintiff submitted a religious exemption on or about October 26, 2021.

4.77    Defendants received Plaintiff's exemption but failed to process it or communicate with Plaintiff about it.

4.78    Defendants had about 19 months to process Plaintiff's exemption and communicate with Plaintiff about it before dismissing her from her tenured position.

4.79    Defendants knew or should have known that it had a legal duty to process Plaintiff's exemption, to consider reasonable accommodations, and engage in the interactive process.

4.80    Defendants' actions caused Plaintiff to suffer damages to be proven at trial, and such actions are the actual and proximate cause of those damages.

4.81    RCW 49.60.180 et seq prohibits employers from discharging an individual from employment on the basis of an individual's religion, creed,

4.82    Plaintiff objected to the exemption process to Plaintiff's supervisor, Elizabeth Grant after Grant asked Plaintiff to disclose her vaccination status to Grant.

4.83    Defendants failed to establish a bona fide occupational qualification for any term and condition of employment it decided to impose upon Pyne and tenured faculty by reason of vaccination status.

4.84    Defendants' actions and inactions were the actual and proximate cause of Plaintiff's damages, in amounts to be proven at trial.

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

## I. Disparate Treatment under WLAD RCW 49.60 et seq.

4.85    Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.86    Defendants did not promulgate approved and codified employment policies to Plaintiff with regard to disclosure of the COVID-19 vaccine status.

4.87    Defendants Centralia College and DOC's policies burden Plaintiff's fundamental rights and target a suspect class: namely Christians and God-fearing individuals who wish not to alter their God-given DNA with an mRNA vaccine.

4.88    Plaintiff, a person having a religious faith and creed that prevents vaccination, is a member of a protected class.

4.89    Defendants targeted Pyne and others who have faith-based beliefs and creeds who do not wish to alter their God-given DNA with an experimental mRNA vaccine.

4.90    Defendants' unlawful practices subjected Pyne to pit her religious beliefs preventing vaccination and creed preventing vaccination against her tenured faculty position.

4.91    Defendants allowed students to be excused from the vaccination mandate.

4.92    Defendants Department of Corrections allowed prisoners to be excused from receiving the vaccine.

4.93    Upon information and belief, Defendants' students and inmates were treated more favorably than Plaintiff with regard to the "vaccine mandate" and disclosure of health care information.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 25

4.94    Defendants motivating factor was because of religion and medical autonomy and to terminate Plaintiff without due process by the October 18, 2021, deadline without regard to her Tenure Contract.

4.95    Defendants' disparate treatment of Plaintiff was the proximate cause of Plaintiff's damages in amounts to be proven at trial.

### J.   Constitutional Claims, 42 U.S.C. § 1983 and Washington Constitution

4.96    At all times relevant to this Complaint, Plaintiff was a Washington State employee protected by the Washington State's Constitution and the U.S.C.

### 1.    Unlawful Taking under Wash. Const. Art. I §16

4.97    Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.98    A Tenure Contract and position of tenure is a property interest that cannot be taken by the government for public use without constitutional due process under the Fourteenth Amendment to the United States Constitution and Article I § 16 of the Washington State Constitution and pursuant to Chapter 28B.50 et seq.

4.99    Statutes governing a tenured faculty member provides that dismissal is not to occur until after a properly formed review committee has reviewed the case first.

4.100   On or about October 1, 2021, Defendants Centralia College and Mohrbacher provided two different versions of the same letter with the subject "Notice of Intent

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

1   to Separate for Non-disciplinary Reasons." Neither letter references a review

2   committee, a *Loudermill* hearing or a *Weingarten* hearing.

3   4.101   Defendants deprived Plaintiff of tenure, wages, benefits, pension without due

4   process.

5   4.102   Upon information and belief, evidence shows that the COVID-19 vaccine and

6   boosters do not actually prevent infection or transmission of COVID-19 virus, that

7   many recipients of one or more of the mRNA COVID-19 vaccines have died or have

8   suffered adverse effects, and those who have been vaccinated for COVID-19 are not

9   inoculated from anything and in some cases may be more susceptible to infections

10   than those who have natural immunity.

11   4.103   Defendants owed a duty to provide Pyne a pre-dismissal review by Pyne's a review

12   committee properly formed pursuant to RCW 28B.50.869. Defendants breached that

13   duty by not forming the review committee in accordance with the law, and selected

14   by a majority of the faculty.

15   4.104   Defendants owed a separate duty to provide Pyne a Loudermill hearing and a name-

16   clearing (Weingarten) hearing for any alleged acts that were considered

17   "disciplinary."

18   4.105   Defendants issued a letter to Plaintiff dated October 18, 2021, stating that her

19   dismissal was for "non-disciplinary" grounds.

20

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 27

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.106  At the hearing on December 14-15, 2022, Defendant Mohrbacher testified about whether there were new disciplinary grounds to meet sufficient cause and contradicted his October 18, 2021 "Notice of Non-disciplinary Separation" letter giving her notice of the allegations.

4.107  Defendants owed Pyne a separate duty under RCW 28B.50.870.

4.108  Defendants violated their own policies in setting for the requirements for employees to disclose medical information in a ctcLink that could be accessed by certain staff.

4.109  Defendants Mohrbacher and Centralia College failed to properly conduct the review process in accordance with Pyne's substantive and procedural due process rights and under RCW 28B.50.851(7).

4.110  Defendants knew or should have known Defendants had violated Pyne's constitutional rights. For example, the October 18, 2021, notice of termination specifically states the termination is "non-disciplinary," but then at the December 2022 hearing—more than a year later—Defendant Mohrbacher testified that there were additional reasons for the separation and dismissal. Defendants knew or should have known that Plaintiff did not receive notice of these new alleged charges.

4.111  Plaintiff was unlawfully deprived of her property interest in tenured employment.

4.112  Plaintiff was damaged by Defendants' actions which proximately caused Plaintiff to suffer damages in amounts to be proven at trial.

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

## 2.    Invasion of Privacy under Wash. Const. art I, §7

4.113    Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.114    Washington's constitution provides that no person shall be disturbed in her private affairs without authority of law. Wash. Const. art. I, § 7.

4.115    Washington state's constitutional rights and statutory protections in RCW 42.56 et seq. and RCW 70.02 et seq. for privacy are broader than those set forth in the Fourth Amendment of the U.S. Constitution, and includes the right to personal agency and bodily autonomy.

4.116    Plaintiff's fundamental rights in § 7 cannot be waived by government actors, and may only be infringed upon when strict scrutiny is met. For example, Plaintiff has a right to refuse medical treatment and to not disclose her vaccine status to her employer without a legitimate need to know.

4.117    Defendants were not Plaintiff's medical provider and had no authority to impose a medical treatment on Plaintiff.

4.118    Defendants failed to strictly scrutinize Plaintiff's tenured position, and failed to identify a compelling state interest narrowly tailored using the least restrictive means under Wash. Const. art. I, §7.

4.119    Defendants breached Pyne's constitutional rights to privacy by unlawfully pressuring Pyne to reveal her vaccine status, then terminating her.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 29

4.120  Defendants breached Pyne's constitutional rights to privacy by unlawfully requiring her to enter confidential and sensitive medical information and her "vaccine status" in a ctcLink database.

4.121  Defendants failed to establish a valid Bona Fide Occupational Qualification for obtaining genetic information and/or medical information disclosures by Plaintiff or for receiving the COVID-19 mRNA vaccine as a term and condition of employment.

4.122  Such disclosures, without going through the proper channels, and without adequate safeguards, is highly offensive to a reasonable person.

4.123  Defendants unlawful redisclosure of Pyne's medical status at the hearing in December 2022, without proper safeguards to protect her private medical information, violated Chapter 70.02 RCW, Medical Records – Health Care Information Access and Disclosure.

4.124  Defendants' invasion of Pyne's privacy caused anguish, distress, humiliation, and other harms, and was the actual and proximate cause of Plaintiff's loss of tenured employment, loss of pension benefits, employment benefits, and other harms.

### 3.    Deprivation of Life, Liberty, or Property, Wash. Const. art. I, §3

4.125  Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.126  Washington's constitution provides that No person shall be deprived of life, liberty, or property, without due process of law. Wash. Const., art. I, § 3.

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.127 A tenured employee has a property interest in that tenured position, including salary and benefits, which cannot be dismissed without sufficient cause and which cannot be terminated without just cause, or due process, which includes a fair hearing.

4.128 Defendants deprived Plaintiff of her tenure, salary, pension rights, and employment benefits in October and November 2021 through the dismissal effective date of April 30, 2023.

4.129 Defendants' deprivations were without due process of law.

4.130 As a result of Defendants' unlawful acts, Plaintiff suffered economic damages in amounts to be determined at trial.

### 4.        Infringement of Freedom of Conscience, Wash. Const. art. I, § 11

4.131 Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.132 Defendants violated Wash. Const. art. I, § 11, which guarantees in part, "[a]bsolute freedom of conscience in all matters of religious sentiment, belief and worship…."

4.133 Defendants diminished Plaintiff's expression of her conscience and its impact on her ability to work as a tenured professor in Washington.

4.134 Defendants improperly interposed a mutually exclusive option for objecting to the vaccine requirement: Medical or religious, and failed to consider any other option.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 31

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.135 Unlike other protected classes, religion, and a sincerely held religious belief and one's creed, particularly as it relates to conscience and beliefs, is not immutable. A person's faith in God may grow or changes over time.

4.136 Defendants' question on the exemption form is irrelevant, constitutionally impermissible, and unlawfully infringed upon Plaintiff's freedom of conscience.

4.137 As a result of Defendants' unconstitutional acts, Plaintiff suffered economic damages in amounts to be determined at trial.

### 5.    Violation of Equal Protection under Wash. Const. art. I, § 3

4.138 Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.139 The Fourteenth Amendment to the U.S. Constitution provides that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Washington's constitution protects these personal rights. Wash. Const. art. I, § 3

4.140 Defendants violated Pyne's constitutional right to equal protection of the laws by treating her position as a tenured professor less favorably than that of a college student or prisoner at the Department of Corrections.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 32

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.141   Defendants' treatment of Pyne's rights with respect to equal protection laws was arbitrary and capricious.

4.142   Defendants failed to produce any evidence showing a correlation between receiving a vaccination and a reduction in the spread of COVID-19.

4.143   Upon information and belief, evidence shows that both vaccinated individuals and unvaccinated individuals can contract and transmit COVID-19.

4.144   Defendants' violation of Washington's equal protection clause against Pyne, on its face or as applied, is not related to a rational or legitimate end.

4.145   Defendants' unconstitutional actions are the actual and proximate cause of Plaintiff's damages, in amounts to be proven at trial.

**6.      Violation of First Amendment and Free Exercise 42 U.S.C. § 1983**

4.146   Plaintiff realleges the allegations of the complaint as if fully incorporated herein.

4.147   Defendants undertook a constitutionally impermissible inquiry into the validity or plausibility of Plaintiff's sincerely held beliefs by asking the question on the religious exemption form.

4.148   Plaintiff responded on the form that Defendants' question was unconstitutionally invalid.

4.149   Defendants did not respond to or address Pyne's constitutional objection.

4.150   Defendants then informed Plaintiff it was terminating her benefits.

4.151   Defendants' unconstitutional actions are the actual and proximate cause of Plaintiff's

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 33

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

1      damages, in amounts proven at trial.

2                              **K.  Injunctive Relief**

3

4      4.152  Plaintiff is entitled to injunctive relief under several state and federal laws including

5             but not limited to WLAD, Chapter 70.02 RCW, Medical Records – Health Care

6             Information Access and Disclosure, the Washington State Constitution, HIPAA, and

7             42 U.S.C. § 1983.

8      4.153  Plaintiff will be seeking to enjoin Defendants from engaging in future wrongdoing

9             with regard to tenure contracts and the altering of tenure contracts without bargaining

10            or negotiating with the tenured faculty.

11     4.154  Plaintiff will be seeking to enjoin Defendants from failing to bargain with tenured

12            faculty or the union on material terms and conditions of employment.

13     4.155  Plaintiff will be seeking to enjoin Defendants from failing to negotiate with tenured

14            faculty over terms and conditions of employment.

15     4.156  Plaintiff will be seeking to enjoin Defendants' improper requirement of disclosures

16            of confidential medical information without informed consent, including vaccine

17            status.

18     4.157  Plaintiff will be seeking to enjoin Defendants mishandling of employee's medical

19            information without informed consent, including vaccine status.

20

21

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 34

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

4.158   Plaintiff will be seeking to enjoin Defendants' discriminatory mistreatment of employees who oppose unlawful or unfair employment practice on religious, creed, constitutional, or conscience grounds.

## V.    PRAYER FOR RELIEF

Plaintiff prays for the following relief against the Defendants:

5.1.1   Money judgment in favor of Plaintiff against Defendants to make Plaintiff whole on contractual claims, including any double exemplary damages under RCW 49.52.050 and .070, in an amount to be proved at trial.

5.1.2   Money judgment in favor of Plaintiff against Defendants on tort claims, including any double exemplary damages, including under RCW 49.52.050 and .070, RCW 49.46.090, RCW 49.48.030, and RCW 49.52.070.

5.1.3   Money judgment in favor of Plaintiff under 42 U.S.C. § 1983 against individual defendants in their personal capacities, including punitive damages, in an amount to be proved at trial.

5.1.4   Damages for emotional distress resulting from the anxiety, distress, humiliation, stigmatization, and loss of enjoyment caused by Defendants' unlawful conduct.

5.1.5   Reinstatement of Plaintiff to Tenure with a money judgment for backpay, loss of accrued benefits, and loss of pension rights.

5.1.6   Injunctive relief for a permanent injunction to enjoin Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 35

Lockerby Law, PLLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Joy@LockerbyLaw.com

5.1.7   Award for pre- and post-judgment interest on all damages allowed under the law or in equity.

5.1.8   Reasonable Attorneys' fees and cost, as authorized by state and federal statutes.

5.1.9   Any other such relief this court may deem equitable, just, and proper.


DATED this 18th day of October, 2024.

LOCKERBY LAW, PLLC


By:_____/s/ Joy Lockerby_____
Joy M. Lockerby, WSBA #44343
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 854-2869
Email: Joy@LockerbyLaw.com
Attorney for Plaintiff, Dr. Laurie Pyne

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF– Page 36