1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

7    LAURIE PYNE,

                        Plaintiff,

8    v.

9    CENTRALIA COLLEGE, a state community
     college; ROBERT MOHRBACHER,
10   individually and in his official capacity as the
     Chief Executive Officer of Centralia College;
11   JANE DOE MOHRBACHER, husband and
     wife and the marital community composed
12   thereof; WASHINGTON STATE
     DEPARTMENT OF CORRECTIONS, a
13   Washington Agency; DAN WHITE,
     individually and in his official former capacity
14   as the Superintendent of Washington
     Corrections Center; CHERYL STRANGE,
15   individually and in her official capacity as the
     Secretary of the Department of Corrections;
16   and JANE AND JOHN DOES,

17                      Defendants.

No. 3:24-CV-05954-TMC

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

NOTE ON MOTION CALENDAR:
MARCH 14, 2025

WITHOUT ORAL ARGUMENT

18

19

20

21

22

23

24

DEFENDANTS' MOTION FOR JUDGMENT ON
25   THE PLEADINGS
     No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II    STATEMENT OF FACTS..................................................................1

    A.    The COVID-19 Pandemic and Washington's Emergency Response ..............2

    B.    The Delta Surge and Proclamation 21-14 .......................................2

    C.    Plaintiff's Factual Allegations.........................................................4

        1.    Plaintiff's employment with the College ..................................4

        2.    Plaintiff's refusal to follow the vaccine requirements and subsequent dismissal ........................................................5

III.    ARGUMENT .................................................................................6

    A.    Legal Standard ...........................................................................6

    B.    DOC Defendants Should be Dismissed From This Matter Because Plaintiff has Failed to Meet Rule 8's Fair Notice Requirement......................7

    C.    This Court Should Abstain from Hearing Plaintiff's Claims Against Centralia Defendants.........................................................................8

    D.    The Plaintiff's State Common Law Claims Should be Dismissed for Failure to State a Claim................................................................12

        1.    Plaintiff's breach of contract claim fails as a matter of law ....................12

        2.    Plaintiff's breach of good faith and fair dealing claim fails......................13

        3.    Plaintiff's wrongful termination in violation of public policy claim fails...............................................................14

    E.    The Court Should Dismiss Plaintiff's Statutory Claims.....................................15

        1.    Plaintiff's Wage Theft/Wage Rebate Act claims fail as a matter of law .15

        2.    Plaintiff's WLAD retaliation claim fails as a matter of law ...................16

        3.    Plaintiff's WLAD "perceived disability" claim fails as a matter of law .17

        4.    Plaintiff's WLAD "failure-to-accommodate" claim fails as a matter of law ......................................................18

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

5.    Plaintiff's WLAD "disparate treatment" claim fails as a matter of law .....20

F.    The Court Should Dismiss Plaintiff's State Constitutional Claims....................21

1.    Plaintiff's unlawful taking claim fails as a matter of law ..........................21

2.    Plaintiff's invasion of privacy claim fails as a matter of law ....................22

3.    Plaintiff's "deprivation of life, liberty, or property" claim fails as a matter of law ...............................................................................................24

4.    Plaintiff's freedom of conscience claim fails as a matter of law ...............25

5.    Plaintiff's equal protection claim fails as a matter of law ..........................27

G.    The Court Should Dismiss Plaintiff's § 1983 claim .........................................28

1.    The College and DOC are not persons under § 1983, so the claim against them for damages must be dismissed ...............................................28

2.    Plaintiff's free exercise claim fails on the merits........................................29

H.    Plaintiff requests overbroad injunctions in violation of Federal Rule of Civil Procedure 65. ............................................................................................29

IV.    CONCLUSION...................................................................................................30

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

**TABLE OF AUTHORITIES**

2

3

**Federal Cases**

4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 6, 7, 17

5

6

*Bacon v. Woodward*,
   No. 2:21-CV-0296-TOR, 2021 WL 5183059 (E.D. Wash. Nov. 8, 2021) .............................. 24

7

8

*Bank of Lake Tahoe v. Bank of Am.*,
   318 F.3d 914 (9th Cir. 2003) ................................................................................ 28

9

*Bartholomew v. Washington*,
   693 F. Supp. 3d 1107 (W.D. Wash. 2023) .................................................................. 18

10

11

*Bey v. Pocono Med. Ctr.*,
   No. 3:23-cv-0688, 2023 WL 8602284 (M.D. Pa. Dec. 12, 2023) .......................................... 16

12

*Bigford v. Lakewood Police Dep't*,
   No. C12-6045 BHS/KLS, 2013 WL 1944509 (W.D. Wash. Mar. 29, 2013) .............................. 9

13

14

*Bogan v. Keene Corp.*,
   852 F.2d 1238 (9th Cir. 1988) ................................................................................ 8

15

*Carrero v. City of Chicago*,
   No. 23-cv-00650, 2024 WL 22099 (N.D. Ill. Jan. 2, 2024) ................................................ 29

16

17

*Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*,
   587 F.3d 176 (3d Cir. 2009) .................................................................................. 27

18

*Church v. Biden*,
   No. 21-2815 (CKK), 2022 WL 1491100 (D.D.C. May 11, 2022) .......................................... 2

19

*City of Cleburne v. Cleburne Living Ctr.*,
   473 U.S. 432 (1985) ........................................................................................... 27

20

21

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) ................................................................................ 7

22

*Craven v. Shriners Hosps. for Child.*,
   No. 3:22-cv-01619-IM, 2024 WL 21557 (D. Or. Jan. 2, 2024) ............................................ 20

23

*DeJesus v. Cnty. of Mariposa*,
   No. 1:21-cv-00520-DAD-BAM, 2022 WL 396838 (E.D. Cal. Feb. 9, 2022) ................ 9, 10, 11

24

25

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Dillard v. Morris Cnty. Prosecutor's Off.*,
  No. 19-19089, 2020 WL 4932527 (D.N.J. Aug. 24, 2020) ........................................ 17

*Does 1–2 v. Hochul*,
  632 F. Supp. 3d 120 (E.D.N.Y. 2022) .................................................................... 3

*Does 1–6 v. Mills*,
  16 F.4th 20 (1st Cir. 2021) .................................................................................. 2

*Doroz v. Columbia Place Assoc., LLC*,
  No. 6:13-CV-1135, 2014 WL 5475289 (N.D.N.Y. Oct. 29, 2014) .......................... 17

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989) .............................................................................. 6

*Ethics Comm. v. Garden State Bar Ass'n*,
  457 U.S. 423 (1982) ............................................................................................ 9

*Fifty Associates v. Prudential Ins. Co.*,
  446 F.2d 1187 (9th Cir. 1970) .............................................................................. 8

*Flores v. EMC Mortg. Co.*,
  997 F. Supp. 2d 1088 (E.D. Cal. 2014) .................................................................. 7

*Florida v. Dep't of Health & Hum. Servs.*,
  19 F.4th 1271 (11th Cir. 2021) ............................................................................. 2

*Franklin v. City of Kingsburg*,
  No. 1:18-CV-0824 AWI SKO, 2020 WL 2793061 (E.D. Cal. May 29, 2020) ....... 11

*Gamble v. Pac. NW Reg'l Council of Carpenters*,
  No. 2:14-cv-455RSM, 2015 WL 402782 (W.D. Wash. Jan. 29, 2015) .................... 7

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
  926 F. Supp. 948 (S.D. Cal. 1996) ........................................................................ 6

*Gilbertson v. Albright*,
  381 F.3d 965 (9th Cir. 2004) .............................................................................. 12

*Gillespie v. Civiletti*,
  629 F.2d 637 (9th Cir. 1980) ................................................................................ 8

*Gray v. Wash. State Dep't of Transp.*,
  No. 3:23-cv-05418-DGE, 2023 WL 6622232 (W.D. Wash. Oct. 11, 2023) ............... 24, 26, 28

*Griner v. Biden*,
  No. 2:22CV149 DAK-DBP, 2022 WL 7501065 (D. Utah Oct. 13, 2022) ............... 24

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Hand v. Bayhealth Med. Ctr.*,
    No. 22-1548-RGA, 2024 WL 359245 (D. Del. Jan. 31, 2024) ................................. 19

*Hanford Exec. Mgmt. Employee Ass'n v. City of Hanford*,
    No. 1:11-cv-00828-AWI-SAB, 2014 WL 334200 (E.D. Cal. Jan. 29, 2014) ........................ 25

*Harvard v. Cesnalis*,
    973 F.3d 190 (3d Cir. 2020) ................................................................... 27

*Health Def. v. FDA*,
    No. 23-50167, 2024 WL 244938 (5th Cir. Jan. 23, 2024) ........................................ 2

*Health Def. v. Rutgers*,
    (*CHDI*), 93 F.4th 66 (3d Cir. 2024) ....................................................... 1, 27

*Hewitt v. Wells Fargo Bank*,
    No. 3:22-cv-05729-DGE, 2022 WL 17144728 (W.D. Wash. Nov. 22, 2022) ........................ 7

*Jensen v. Biden*,
    No. 4:21-CV-5119, TOR, 2021 WL 10280395 (E.D. Wash. Nov. 19, 2021) ................... 23, 24

*Jones v. Pac. Intermountain Exp.*,
    No. C-73-2296 RHS, 1975 WL 185 (N.D. Cal. Apr. 2, 1975) ................................. 13

*Jordan v. Bank of America N.A.*,
    396 F. Supp. 3d 922 (E.D. Cal. 2019) ....................................................... 23

*Jorgenson v. Conduent Transp. Sols., Inc.*,
    No. SAG-22-01648, 2023 WL 1472022 (D. Md. Feb. 2, 2023) ................................ 17

*Kaimowitz v. Bd. of Trustees of Univ. of Illinois*,
    951 F.2d 765 (7th Cir. 1991) ............................................................... 28

*Kheriaty v. Regents of the Univ. of Cal.*,
    No. SACV 21-01367 JVS (KESx), 2021 WL 4714664 (C.D. Cal. Sept. 29, 2021) ............... 28

*King v. Cnty. of L.A.*,
    885 F.3d 548 (9th Cir. 2018) ................................................................. 1

*Klopp v. Kentucky Educ. Prof. Standards Bd.*,
    724 F. Supp. 3d 682 (E.D. Ky. 2024) ....................................................... 10

*Knoles v. Teva Pharms. USA, Inc.*,
    No. 17-cv-06580-BLF, 2019 WL 295258 (N.D. Cal. Jan. 23, 2019) ........................... 7

*McDowell v. Bayhealth Med. Ctr.*,
    No. 24-1157, 2024 WL 4799870 n.5 (3d Cir. Nov. 15, 2024) ................................. 19

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*McMillan v. Dep't of the Interior*,
   907 F. Supp. 322 (D. Nev. 1995) ........................................................................... 8

*McMinimee v. Yakima Sch. Dist. No. 7*,
   No. 1:18-CV-3073-TOR, 2019 WL 11680199 (E.D. Wash. Aug. 7, 2019) ...................... 15, 16

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) ............................................................................... 6

*Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*,
   518 F.Supp.2d 1197 (C.D. Cal. 2007) .................................................................. 29

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*,
   (*NOPSI*), 491 U.S. 350 (1989) ............................................................................ 9

*Nikolao v. Lyon*,
   875 F.3d 310 (6th Cir. 2017) ............................................................................. 26

*Nobach v. Woodland Vill. Nursing Ctr., Inc.*,
   799 F.3d 374 (5th Cir. 2015) ....................................................................... 19, 20

*Nordlinger v. Hahn*,
   505 U.S. 1, 112 S. Ct. 2326 (1992) .................................................................. 27

*North v. Washington*,
   No. 3:23-cv-05552-TMC, 2023 WL 8281609 (W.D. Wash. Nov. 30, 2023) ................ 18

*Ortez v. Washington County*,
   88 F.3d 804 (9th Cir. 1996) ................................................................................. 6

*Peterson v. Hewlett-Packard*,
   358 F.3d 599 (9th Cir. 2004) ............................................................................. 19

*Phillips v. City of N.Y.*,
   775 F.3d 538 (2d Cir. 2015) .............................................................................. 26

*Pilz v. Inslee*,
   No. 3:21-cv-05735-BJR, 2022 WL 1719172 (W.D. Wash. May 27, 2022) ................ 24

*Pilz v. Inslee*,
   No. 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023) .................................... 26

*Potrero Hills Landfill, Inc. v. Cnty of Solano*,
   657 F.3d 876 (9th Cir. 2011) ............................................................................. 10

*Quinn v. Cnty. of Monterey*,
   No. 15-cv-03383-BLF, 2016 WL 344714 n.1 (N.D. Cal. Jan. 28, 2016) ................... 8

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*R&R adopted*,
    2023 WL 8622621 (S.D.N.Y. Dec. 13, 2023) ........................................................ 19

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*,
    754 F.3d 754 (9th Cir. 2014) .......................................................................................... 9

*Shakur v. Schriro*,
    514 F.3d 878 (9th Cir. 2008) ........................................................................................ 29

*Shwarz v. United States*,
    234 F.3d 428 (9th Cir. 2000) .......................................................................................... 7

*Slidewaters LLC v. Wash. State Dep't of Labor & Indus.*,
    4 F.4th 747 (9th Cir. 2021) ............................................................................................. 2

*Soremekun v. Thrifty Payless, Inc.*,
    509 F.3d 978 (9th Cir. 2007) ........................................................................................ 14

*Speaks v. Health Sys. Mgmt., Inc.*,
    No. 5:22-CV-00077-KDB-DCK, 2022 WL 3448649 (W.D.N.C. Aug. 17, 2022).................. 18

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ........................................................................................ 23

*Sprint Commcn's, Inc. v. Jacobs*,
    571 U.S. 69 (2013)................................................................................................... 9, 10

*Strandquist v. Wash. State Dep't of Soc. & Health Servs.*,
    No. 3:23-cv-05071-TMC, 2024 WL 4645146 (W.D. Wash. Oct. 31, 2024)...................... 21

*Swiss Re Corp. Sols. Am. Ins. Corp. v. Kasma*,
    No. C23-5420 BHS, 2024 WL 3415960 (W.D. Wash. July 15, 2024)............................... 13

*Taylor v. Burlington N. R.R. Holdings Inc.*,
    801 F. App'x 477 (9th Cir. 2020) ................................................................................. 17

*Taylor v. St. Regis Paper Co.*,
    560 F. Supp. 546 (C.D. Cal. 1983) ............................................................................... 14

*Valdez v. Grisham*,
    559 F. Supp. 3d 1161 (D.N.M. 2021) ........................................................................... 28

*Vale v. City of Seattle*,
    No. 2:23-cv-01095-TLF, 2024 WL 3043592 (W.D. Wash. June 18, 2024)...................... 21

*Webb v. Trader Joe's Co.*,
    999 F.3d 1196 (9th Cir. 2021) ........................................................................................ 1

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Westendorf v. W. Coast Contractors of Nevada, Inc.*,
   712 F.3d 417 (9th Cir. 2013) ................................................................. 16

*White v. Shaffer*,
   No. C13-5952 RBL, 2014 WL 1116735 (W.D. Wash. Mar. 20, 2014).................................. 21

*Williams v. Brown*,
   567 F. Supp. 3d 1213 (D. Or. 2021) ................................................................. 25, 28

*Wilson v. N.Y. Soc'y for Relief of Ruptured & Crippled, Maintaining Hosp. for Special* Surgery,
   No. 22-CV-9207 (AT) (JLC), 2023 WL 5766030 (S.D.N.Y. Sept. 7, 2023) ............................ 19

*Winans v. Cox Auto., Inc.*,
   No. CV 22-3826, 2023 WL 2975872 (E.D. Pa. Apr. 17, 2023) ..................................... 19

*Wise v. Inslee*,
   No. 2:21-CV-0288-TOR, 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021)....................... 3, 4, 5

*Younger v. Harris*,
   401 U.S. 37 (1971).................................................................................. 8, 9

**State Cases**

*Becker v. Cmty. Health Sys. Inc.*,
   359 P.3d 746 (Wash. 2015)......................................................................... 14

*Chong Yim v. City of Seattle*,
   451 P.3d 675 (Wash. 2019)......................................................................... 21

*Cornwell v. Microsoft Corp.*,
   430 P.3d 229 (Wash. 2018).......................................................................... 16

*Ensley v. Pitcher*,
   222 P.3d 99 (Wash. Ct. App. 2009).................................................................. 8

*Johnson v. Dep't of Soc. & Health Servs.*,
   907 P.2d 1223 (Wash. Ct. App. 1996)............................................................... 20

*Kumar v. Gate Gourmet, Inc.*,
   325 P.3d 193 (Wash. 2014).......................................................................... 16

*Matter of Recall of White*,
   474 P.3d 1032 (Wash. 2020)......................................................................... 13

*McNabb v. Dep't of Corr.*,
   180 P.3d 1257 (Wash. 2008)......................................................................... 23

*Mikkelson v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*,
   404 P.3d 464 (Wash. 2017)....................................................................... 20, 21

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Moran v. Stowell*,
    724 P.2d 396 (Wash. Ct. App. 1986) ........................................................ 13

*Peninsula Counseling Ctr. v. Rahm*,
    719 P.2d 926 (Wash. 1986) ...................................................................... 22

*Riste v. E. Wash. Bible Camp, Inc.*,
    605 P.2d 1294 (Wash. Ct. App. 1980) .................................................... 25

*S. Hollywood Hills Citizens Ass'n v. King Cnty.*,
    677 P.2d 114 (Wash. 1984) ................................................................. 13, 16

*Smith v. General Elec. Co.*,
    388 P.2d 550 (Wash. 1964) ...................................................................... 13

*State ex rel. McFadden v. Shorrock*,
    104 P. 214 (Wash. 1909) ........................................................................... 24

*State v. Arlene's Flowers, Inc.*,
    441 P.3d 1203 (Wash. 2019) ............................................................... 25, 26

*State v. Clare*,
    544 P.3d 1099 (Wash. Ct. App. 2024) .................................................... 24

*State v. Manussier*,
    921 P.2d 473 (Wash. 1996) ...................................................................... 27

*Wash. Pub. Employees Ass'n v. Wash. State Ctr. for Childhood Deafness & Hearing Loss*,
    450 P.3d 601 (Wash. 2019) ...................................................................... 22

*Witters v. State Comm'n for the Blind*,
    771 P.2d 1119 (Wash. 1989) .................................................................... 25

**Federal Statutes**

42 U.S.C. § 1983 ............................................................................................ 28

42 U.S.C. § 2000e(j) ...................................................................................... 25

**State Statutes**

RCW 28B.50.850 ...................................................................................... 11, 12

RCW 34.05.570 ............................................................................................. 12

Rev. Code of Wash. § 49.52.050 .................................................................. 15

Rev. Code of Wash. § 49.52.050(2) .............................................................. 15

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Wash. Const. art. 1, § 7 ........................................................................................ 22, 23

Wash. Const. art. I, § 11 .................................................................................. 25, 26, 27

Wash. Const. Art. I, § 16 ............................................................................................ 21

**Federal Rules**

Fed. R. Civ. P. 12(c) ............................................................................................... 1, 6

Fed. R. Evid. 201 ......................................................................................................... 1

Federal Rule of Civil Procedure 65 ........................................................................... 29

Rule 12(b)(6) ........................................................................................................... 1, 6

**Other Authorities**

86 Fed. Reg. 5200 (Jan. 19, 2021) .............................................................................. 2

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS
Case No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## I.  INTRODUCTION

To fight the deadly COVID-19 pandemic, in August 2021, Governor Inslee issued Proclamation 21-14, prohibiting most state employees and educators from working after October 18, 2021, without being fully vaccinated. Plaintiff, Laurie Pyne, a former tenured faculty member of Centralia Community College, who declined to be vaccinated and was thus terminated from her employment, has filed a scattershot complaint raising 15 causes of action challenging her termination. Pyne's claims are contrary to law and she fails to allege sincerely held religious beliefs to justify her refusal to be vaccinated. This Court should grant judgment on the pleadings to Department of Corrections (DOC) and dismiss DOC Defendants; the Court should stay the matter as to Centralia College defendants or, in the alternative, dismiss the Complaint.

## II.  STATEMENT OF FACTS

This factual summary is based upon the allegations in the complaint, documents incorporated in the complaint by reference, and judicially noticeable facts. *See* Fed. R. Civ. P. 12(c). *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) ("Because motions for judgment on the pleadings are functionally identical to Rule 12(b)(6) motions, [ ] when ruling on either type of motion, courts must consider the complaint in its entirety, as well as other sources . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (cleaned up). Defendants ask the Court to take judicial notice of basic facts regarding the COVID-19 pandemic, which are based on reliable public health authorities whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201; *King v. Cnty. of L.A.*, 885 F.3d 548, 555 (9th Cir. 2018); *see, e.g.*, *Child. Health Def. v. Rutgers* (*CHDI*), 93 F.4th 66, 71 (3d Cir. 2024) ("The essential contours of the COVID-19 pandemic are well-known).

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 1
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

A.      **The COVID-19 Pandemic and Washington's Emergency Response**

The COVID-19 pandemic was the "deadliest" in American history." *Florida v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1275 (11th Cir. 2021). The highly contagious respiratory virus has caused over 16,500 deaths in Washington State.[1]

Governor Jay Inslee proclaimed a state of emergency on February 29, 2020. *Slidewaters LLC v. Wash. State Dep't of Labor & Indus.*, 4 F.4th 747, 753 (9th Cir. 2021). Between December 2020 and February 2021, the FDA issued Emergency Use Authorizations for three COVID-19 vaccines. *Child. Health Def. v. FDA*, No. 23-50167, 2024 WL 244938, at *1 (5th Cir. Jan. 23, 2024) (per curiam) (citing 86 Fed. Reg. 5200, 5204, 5214 (Jan. 19, 2021)).[2] The FDA gave full approval to one vaccine for people 16 and older on August 23, 2021, and to another for people 18 and older on January 31, 2022. *Church v. Biden*, No. 21-2815 (CKK), 2022 WL 1491100, at *2 (D.D.C. May 11, 2022). The CDC considers the vaccines to be safe and effective in reducing the risk of severe illness or death due to COVID-19.[3]

B.      **The Delta Surge and Proclamation 21-14**

In summer 2021, the "Delta variant" emerged—a new, highly infectious COVID-19 strain. *See Does 1–6 v. Mills*, 16 F.4th 20, 26–27 (1st Cir. 2021). Delta caused Washington's weekly

---

[1] CDC, *COVID Data Tracker, Trends in the United States COVID-19 Deaths, Emergency Department (ED) Visits, and Test Positivity by Geographic Area*, https://covid.cdc.gov/covid-data-tracker/#trends_totaldeaths_select_53 (last visited on Jan.. 2, 2025).

[2] *See also* FDA, *Moderna COVID-19 Vaccine*, https://www.fda.gov/vaccines-blood-biologics/coronavirus-covid-19-cber-regulated-biologics/moderna-covid-19-vaccine (last visited Jan. 2, 2025); FDA, *Pfizer-BioNTech COVID-19 Vaccine*, https://www.fda.gov/vaccines-blood-biologics/coronavirus-covid-19-cber-regulated-biologics/pfizer-biontech-covid-19-vaccine (last visited Jan. 2, 2025); FDA, *Janssen COVID-19 Vaccine*, https://www.fda.gov/vaccines-blood-biologics/coronavirus-covid-19-cber-regulated-biologics/janssen-covid-19-vaccine (last visited Jan.. 2, 2025).

[3] CDC, *Overview of COVID-19 Vaccines* (May 23, 2023), https://archive.cdc.gov/#/details?url=https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/overview-COVID-19-vaccines.html.

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 2
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

COVID-19 hospitalizations to more than quadruple from July 3 to September 4, 2021.[4] The COVID-19 vaccines continued to prove highly effective at reducing a person's risk of contracting the virus, including the Delta variant.[5] During the Delta wave, unvaccinated people were five times more likely to contract, ten times more likely to be hospitalized with, and ten times more likely to die from COVID-19 than those who were vaccinated against COVID-19.[6] The Delta surge coincided with a steady decline in vaccination rates in Washington State,[7] despite the "consensus of reliable public health authorities that the COVID-19 vaccine prevents the spread of the virus." *Does 1–2 v. Hochul*, 632 F. Supp. 3d 120, 127 (E.D.N.Y. 2022), *aff'd in part, vacated in part on other grounds*, No. 22-2858, 2024 WL 5182675 (2d Cir. Dec. 20, 2024).

On August 9, 2021, Governor Inslee issued Proclamation 21-14 (together with subsequent iterations, the Proclamation), prohibiting healthcare providers and "State Agency" workers—and, later, educational workers—from working after October 18, 2021, without being fully vaccinated against COVID-19.[8] When it took effect, the Proclamation applied to at least 681,000 workers. *Wise v. Inslee*, No. 2:21-CV-0288-TOR, 2021 WL 4951571, at *1 (E.D. Wash. Oct. 25, 2021). The Proclamation required covered employers to evaluate requests for medical and religious

---

[4]    CDC, *COVID-NET Dashboard*, (updated Jan. 2, 2025), https://www.cdc.gov/covid/php/covid-net/index.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fcovidnetdashboard%2Fde%2Fpowerbi%2Fdashboard.html.

[5]    CDC, *Benefits of Getting a COVID-19 Vaccine* (updated Aug. 16, 2021),https://web.archive.org/web/20211018095220/https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html.

[6]    CDC, *Monitoring Incidence of COVID-19 Cases, Hospitalizations, and Deaths, by Vaccination Status – 13 U.S. Jurisdictions, April 4–July 17, 2021* (MMWR) (Sept. 17, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7037e1.htm?s_cid=mm7037e1_w.

[7]    DOH, *COVID-19 Vaccination Data*, https://doh.wa.gov/data-statistical-reports/health-behaviors/immunization/covid-19-vaccination-data (last visited on Jan. 2, 2025).

[8]    On August 20, 2021, the Governor issued Proclamation 21.14.1, which expanded covered employees to include educational workers. *See* Office of Wash. Governor Jay Inslee, Procl. 21-14.1 at 4–5 (Aug. 20, 2021), https://governor.wa.gov/sites/default/files/proclamations/21-14.1%20-%20COVID-19%20Vax%20Washington%20Amendment.pdf.

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 3
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

exemptions and accommodations, consistent with state and federal law. Procl. 21-14.2 at 5–6. Covered employers were "prohibited from providing accommodations" based on "the personal preference of the individual," rather than "an inability to get vaccinated because of a disability or a conflict with a sincerely held religious belief, practice, or observance." *Id.*

### C.    Plaintiff's Factual Allegations

#### 1.    Plaintiff's employment with the College

Plaintiff was a faculty member with Centralia Community College (the College), a state community college. Dkt. #3-1 (Compl.) ¶ 3.2. Plaintiff taught inmates at the Department of Corrections' (DOC) Washington Corrections Center. *Id.* ¶ 3.9.

On or about June 1, 2021, Plaintiff executed a Professional Personnel Contract (Tenure Contract). *Id.* ¶ 3.7. The contract was "subject to . . . all federal and state laws." Declaration of Anita Khandelwal (Khandelwal Decl.), Ex. A. The contract also recognized "all applicable provisions of any negotiated agreement between the board and the duly recognized representative of the academic employees." *Id.*

Plaintiff alleges that she "was a paid union member in good standing with the Centralia College Federation of Teachers, Local #4469 AFT/AFL-CIO" (the Union) Compl. ¶ 3.53. The Union had a collective bargaining agreement (CBA) with the College. Khandelwal Decl., Ex. B. The CBA stated that "a tenured faculty member shall not be dismissed except for 'sufficient cause,'" and laid out a dismissal process. *Id.* (Article XVI). The CBA further included a grievance process to address any "complaint or claim against, or dispute, misunderstanding or controversy with, the Employer by a faculty member . . . arising out of the interpretation or application of any alleged violation by the Employer" of the CBA. *Id.* (Article XVII).

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 4
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## 2. Plaintiff's refusal to follow the vaccine requirements and subsequent dismissal

Plaintiff alleges that the College notified her in August 2021 that the Proclamation "makes vaccination a condition of employment for all college employees, including student employees." *Id*. ¶ 3.13, 3.15. Plaintiff's supervisor and HR personnel "remind[ed]" Plaintiff repeatedly about the requirement to record her vaccine status in the College's database. *Id*. ¶¶ 3.13–19.

Around September 21, 2021, Plaintiff "voiced multiple concerns and objections about the health data disclosure requirement and the vaccine requirement, and overall concerns about safety." *Id*. ¶ 3.20. At this meeting, Plaintiff informed her supervisor that she was not vaccinated. *See id*. ¶¶ 3.20–21.

On October 1, 2021, Defendants mailed her a "Notice of intent to Separate for Non-disciplinary Reasons." *Id*. ¶ 3.22. The letter stated that Plaintiff was required to be "fully vaccinated by October 18, 2021." *Id*. ¶ 3.24. On or about October 18, Plaintiff received a "Notice of Non-disciplinary Separation" that "place[d] Plaintiff [ ] on unpaid administrative leave." *Id*. ¶ 3.26.

On October 26, 2021, eight days after the deadline to be fully vaccinated and after she received her notice of separation, Plaintiff submitted a request for a hearing regarding her separation and a religious exemption request form. *Id*. ¶ 3.31. The religious exemption form asked whether Plaintiff has "a sincerely held religious belief or religious conviction that prevents [her] from receiving the COVID-19 vaccine" and Plaintiff checked the box "Yes." *Id*. ¶ 3.32 (emphasis omitted). The questionnaire further asked whether or not she received a vaccine as an adult. *Id*. ¶ 3.33. Plaintiff responded, "[c]onstitutionally invalid question." *Id.*

Plaintiff challenged her separation at a hearing before the Office of Administrative Hearings, held on December 14–15, 2022. *Id*. ¶ 3.39. The Administrative Law Judge (ALJ) found Plaintiff had failed to articulate a sincerely held religious belief, and the College properly

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1    dismissed Plaintiff from tenure. Khandelwal Decl., Ex. C at 11–12. The Centralia College Board

2    of Trustees adopted the findings of the ALJ and dismissed Plaintiff on April 30, 2023. *Id.* ¶ 3.41.

3    Plaintiff filed an appeal of that order on May 30, 2023. Khandelwal Decl., Ex. D at 12

4    Plaintiff filed this Complaint on October 18, 2024, naming as Defendants the College, and

5    Centralia President Robert Mohrbacher (Centralia Defendants) and DOC, and DOC employees

6    Cheryl Strange and Dan White ("DOC Defendants); Compl. ¶¶ 1.2–1.7.

7                                    **III. ARGUMENT**

8        **A.    Legal Standard**

9        Rule 8(a) requires that the complaint "give the defendant fair notice of what the . . . claim

10    is and the grounds upon which it rests." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

11    1104 (9th Cir. 2008). A plaintiff must "allege overt acts with some degree of particularity such

12    that his claim is set forth clearly enough to give defendants fair notice" of the allegations against

13    them. *Ortez v. Washington County*, 88 F.3d 804, 810 (9th Cir. 1996). Courts consistently conclude

14    that a complaint "lumping together . . . multiple defendants in one broad allegation fails to satisfy

15    [the] notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948,

16    961 (S.D. Cal. 1996).

17        Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early

18    enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion

19    is "functionally identical" to a Rule 12(b)(6) motion, and the same legal standard applies to both.

20    *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

21        To survive a motion for judgment on the pleadings, a "complaint must contain sufficient

22    factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

23    *Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); Fed. R. Civ. P. 12(b)(6). "A claim has facial

24    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

25    DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 6
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

inference that the defendant is liable for the misconduct alleged." *Id*. "The court need not accept as true . . . allegations that contradict facts that may be judicially noticed by the court." *Hewitt v. Wells Fargo Bank*, No. 3:22-cv-05729-DGE, 2022 WL 17144728, at *3 (W.D. Wash. Nov. 22, 2022) (citing *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)). Dismissal may be based on either the "lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "Leave to amend need not be granted, and dismissal may be ordered with prejudice, if amendment would be futile," such as when a claim "fails as a matter of law." *Gamble v. Pac. NW Reg'l Council of Carpenters*, No. 2:14-cv-455RSM, 2015 WL 402782, at *2, *7 (W.D. Wash. Jan. 29, 2015).

**B.**    **DOC Defendants Should be Dismissed From This Matter Because Plaintiff has Failed to Meet Rule 8's Fair Notice Requirement.**

While Plaintiff has named DOC defendants, she has failed to allege actions they took that violated her rights.  *See Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (complaint failed to satisfy Rule 8 where it lacked "facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend"); *Knoles v. Teva Pharms. USA, Inc.*, No. 17-cv-06580-BLF, 2019 WL 295258, at *3 (N.D. Cal. Jan. 23, 2019) ("Allegations which lump multiple defendants together are insufficient to put any one defendant on notice of the conduct upon which the claims against it are based.").

Plaintiff's most specific allegation against DOC is that "Defendants White and DOC failed to offer Plaintiff any accommodation or engage in the interactive process." Compl. ¶ 4.37. But, as Plaintiff notes, she was terminated by the College, not DOC. *Id*. ¶ 3.60. Plaintiff fails to

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 7
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

connect DOC to her dismissal or explain why DOC should have engaged in the interactive

process. This Court should dismiss all claims as to DOC defendants.[9]

## C. This Court Should Abstain from Hearing Plaintiff's Claims Against Centralia Defendants.

Plaintiff seeks to litigate a number of claims against Centralia Defendants that she is also

currently litigating in another matter. Pursuant to the hearing in December 2022, an ALJ found

that the College's dismissal of Plaintiff was consistent with Plaintiff's employment contract and

that Plaintiff "did not describe a sincerely held religious belief." Khandelwal Decl., Ex. C at 11

(emphasis omitted).    Plaintiff has appealed those findings and the decision to terminate her

employment in state superior court. *See* Lewis County Superior Court, 23-2-00473-21. Plaintiff

has alleged that the final decision is "in violation of constitutional provisions on it [sic] face or as

applied" and "is contrary to public policy, disregards competent evidence of record, and is arbitrary

and capricious." Khandelwal Decl. Ex. D at 8, 10. This Court should abstain from adjudicating the

claims that Plaintiff is litigating in state court pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[10]

---

[9] Similarly, Plaintiff makes no allegations against "Jane and John Does" and all claims should be dismissed as to them as well. Moreover, "[g]enerally, 'Doe' pleading is improper in federal court," and the Federal Rules do not provide for the use of fictitious defendants. *McMillan v. Dep't of the Interior*, 907 F. Supp. 322, 328 (D. Nev. 1995) (citing *Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988)); *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970)); *accord Quinn v. Cnty. of Monterey*, No. 15-cv-03383-BLF, 2016 WL 344714, at *1 n.1 (N.D. Cal. Jan. 28, 2016). Accordingly, "the use of 'John Doe' to identify a defendant is not favored," and is permitted only "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Here, Pyne named fictitious defendants without alleging any facts about who they are, what they did, or how their alleged actions fit with her legal claims. Given the factual context of this case—which involves allegations stemming from the termination of employment against a single plaintiff—it is inconceivable that the identities of any individual Centralia College employee involved in Pyne's separation would be unknown. Thus, "John Doe" pleading is unwarranted and improper. *See*, *e.g.*, *Quinn*, 2016 WL 344714, at *1 n.1.

[10] Although Defendants removed this matter to federal court, Defendants would similarly move to dismiss this case in state court pursuant to the prohibition on claim splitting. "Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington." *Ensley v. Pitcher*, 222 P.3d 99 (Wash. Ct. App. 2009). Removal does not preclude Defendants

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 8
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

"In *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *Younger,* 401 U.S. at 43–54). In *Middlesex County. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982), the Supreme Court expanded this doctrine to apply to civil proceedings.

*Younger* abstention extends to "state civil proceedings that are akin to criminal prosecutions," and state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commcn's, Inc. v. Jacobs*, 571 U.S. 69, 72-73, 79 (2013) (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans* (*NOPSI*), 491 U.S. 350 (1989)); *see also DeJesus v. Cnty. of Mariposa*, No. 1:21-cv-00520-DAD-BAM, 2022 WL 396838, at *4 (E.D. Cal. Feb. 9, 2022) (*Younger* abstention applies to state administrative proceedings that fit into one of the *NOPSI* categories).

If a state court proceeding falls into one of the *NOPSI* categories, a state civil action must also satisfy a three-part inquiry for *Younger* abstention to be appropriate: the state proceedings must be (1) 'ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity . . . to raise constitutional challenges.'" *ReadyLink Healthcare, Inc.*, 754 F.3d at 758 (quoting *Middlesex Cnty.*, 457 U.S. at 432). In addition, the Ninth Circuit has "articulated an implied fourth requirement that (4) the federal court action would 'enjoin the proceeding, or have

---

from seeking abstention. *See, e.g.*, *Bigford v. Lakewood Police Dep't*, No. C12-6045 BHS/KLS, 2013 WL 1944509, at *1 (W.D. Wash. Mar. 29, 2013), *R&R adopted*, No. C12-6045 BHS, 2013 WL 1944580 (W.D. Wash. May 9, 2013) (granting defendant's motion to abstain after defendant removed matter to federal court).

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 9
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   the practical effect of doing so.'" *Potrero Hills Landfill, Inc. v. Cnty of Solano*, 657 F.3d 876, 882

2   (9th Cir. 2011).

3          Here, the state court proceeding in Lewis County meets all requirements for *Younger*

4   abstention. It falls squarely within the second *NOPSI* category—it is a state civil proceeding akin

5   to a criminal prosecution. The Lewis County proceedings involve: (1) an action [that] was initiated

6   by the State in its sovereign capacity; (2) sanctions against the federal plaintiff—i.e., "the party

7   challenging the state action"—for some wrongful act; and (3) and involved investigation, often

8   culminating in formal charges. *Sprint*, 134 S. Ct. at 592. It also satisfies the *Middlesex Cnty* three-

9   part test—it is ongoing, implicates important state interests, and provides an opportunity to raise

10  constitutional challenges. Finally, action in this court would have the practical effect of enjoining

11  the Lewis County proceeding.

12         District courts have abstained in circumstances like those here. In *DeJesus v. Cnty of

13  Mariposa*, the plaintiff, who had filed a civil rights alleging that his termination from employment

14  was discriminatory, also appealed the termination of his employment to the State of California

15  Human Resources. An administrative hearing was held before an administrative law judge, who

16  upheld plaintiff's termination, and plaintiff then filed a petition for writ of mandate. 2022 WL

17  396838, at *4. Based on these facts, the court determined that plaintiff's pending proceeding in

18  state court is "akin to a criminal prosecution in important respects" for the purpose of falling into

19  the second *NOPSI* category, abstained from exercising jurisdiction, and stayed the case. *Id*. at *4–

20  *6; *see also Klopp v. Kentucky Educ. Prof. Standards Bd.*, 724 F. Supp. 3d 682, 687–88 (E.D. Ky.

21  2024) (determining that a state proceeding was akin to a criminal prosecution where the defendant

22  had initiated the proceeding for the purpose of determining whether to revoke or suspend a

23  teaching license, the defendant had the burden of proof, and the plaintiff could call witnesses, be

24  represented by counsel, and cross-examine the defendant's witnesses).

25  DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 10
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1    Similarly, in *Franklin v. City of Kingsburg*, No. 1:18-CV-0824 AWI SKO, 2020 WL

2    2793061 (E.D. Cal. May 29, 2020), the district court stayed the federal matter pursuant to *Younger*.

3    The plaintiff was formally dismissed from his employment and challenged his dismissal through

4    an administrative process. *Id*. at *1. Though the ALJ found in favor of the plaintiff, recommending

5    that he not be fired, the defendant rejected that conclusion and affirmed dismissal. *Id*. The plaintiff

6    then filed suit in federal court alleging various employment discrimination claims. *Id*. The court

7    determined that *Younger* abstention applied because, inter alia, the state proceeding was ongoing

8    and the plaintiff could challenge the final administrative action in state court. *Id*. at *4.

9    Here, Plaintiff was separated from her employment with the College for failing to receive

10    the COVID-19 vaccine, as required by Proclamation 21-14. Like the plaintiffs in *DeJesus* and

11    *Franklin*, Plaintiff challenged her separation at a hearing before an ALJ, according to the

12    disciplinary process laid out in the CBA. At the hearing, the College, a state actor, had the burden

13    to show that it dismissed Plaintiff for "sufficient cause," Plaintiff was represented by counsel,

14    could call witnesses, and cross-examine the College's witnesses. Khandelwal Decl., Ex. E at 6–7.

15    When the ALJ determined that the College properly dismissed Plaintiff from tenure, *id*., Ex. C, the

16    Centralia College Board of Trustees adopted the findings of the ALJ and dismissed Plaintiff on

17    April 30, 2023. Compl. ¶ 3.39–41. Plaintiff filed an appeal of that order on May 30, 2023, which

18    is pending. *Id.*, Ex. D. The state administrative proceeding in Lewis County is an "ongoing" state

19    proceeding and falls within the second *NOPSI* category.

20    In addition to being an ongoing state proceeding within the second *NOPSI* category, the

21    state court proceeding meets all other *Younger* factors. The State of Washington has an interest in

22    "establish[ing] a system of faculty tenure which protects the concepts of faculty employment rights

23    and faculty involvement in the protection of those rights in the state system of community and

24    technical colleges." RCW 28B.50.850. A number of state statutes describe procedures regarding

25    DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 11
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

tenure, and the state has also promulgated a number of administrative rules regarding tenure. *See, e.g.,* RCW 28B.50.850–870; WAC 132B-128. The Plaintiff has raised constitutional challenges to her dismissal and the superior court is empowered to grant Plaintiff relief from the Board of Trustees' order dismissing her if that order "is in violation of constitutional provisions on its face or as applied," or "has erroneously interpreted or applied the law." RCW 34.05.570. Finally, if this Court were to grant Plaintiff's request for reinstatement, that would operate as an injunction against the state court proceedings. "To rule on the constitutional issue in these circumstances would implicate the state's interest in administration of its judicial system, risk offense because it unfavorably reflects on the state courts' ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). This Court should stay this matter pending the outcome of the Lewis County proceedings.

If the Court finds that *Younger* abstention does not apply, this Court should dismiss this matter.

### D.    The Plaintiff's State Common Law Claims Should be Dismissed for Failure to State a Claim

#### 1.    Plaintiff's breach of contract claim fails as a matter of law

Defendants did not "breach[] the Tenure Contract" when they required Plaintiff to disclose her "vaccine status" and to take the "mRNA COVID-19 vaccines" as a condition of employment. Compl. ¶¶ 4.3, 3.10. Plaintiff's Tenure Contract states that "[t]his offer of employment is made subject to . . . all federal and state laws . . . which relate to the employee's performance of this professional contract." Khandelwal Decl., Ex. A. After Plaintiff signed the contract, Governor Inslee issued Proclamation 21-14, which prohibited "[a]ny operator of an Educational Setting from permitting a Worker to engage in work for the operator after October 18, 2021, if the Worker has

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 12
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

not been fully vaccinated against COVID-19 and provided proof thereof." Procl. 21-14.1 at 4. The Proclamation had the force of law. *See Matter of Recall of White,* 474 P.3d 1032, 1038 (Wash. 2020) (noting that the Governor's proclamation has the force of law). Thus, Plaintiff's offer of employment was subject to compliance with the Proclamation.

To the extent Plaintiff argues that the College breached the CBA, Plaintiff's claim fails because she has neither alleged that she exhausted the CBA's grievance procedure nor that such exhaustion would be futile. A plaintiff must exhaust her contractual remedies through the grievance procedure before suing under a CBA. *Smith v. General Elec. Co.*, 388 P.2d 550, 551–52 (Wash. 1964); *Moran v. Stowell*, 724 P.2d 396, 399 (Wash. Ct. App. 1986). Alternatively, the plaintiff must allege that the grievance procedure would be futile. *S. Hollywood Hills Citizens Ass'n v. King Cnty.*, 677 P.2d 114, 118 (Wash. 1984).

Here, Article XVII of the CBA provides a three-step grievance procedure, including arbitration. Khandelwal Decl., Ex. B at 76–78. Because Plaintiff fails to allege that she exhausted the grievance procedures or that such exhaustion would be futile, her breach of contract claim under the CBA fails. *See*, *e.g.*, *Jones v. Pac. Intermountain Exp.*, No. C-73-2296 RHS, 1975 WL 185, at *3 (N.D. Cal. Apr. 2, 1975), *aff'd and remanded*, 536 F.2d 817 (9th Cir. 1976) (dismissing claim where complaint fails to make the required allegations of exhaustion of any available internal union remedies or why such exhaustion would be futile or otherwise not required).

### 2. Plaintiff's breach of good faith and fair dealing claim fails

Although "there is in every contract an implied duty of good faith and fair dealing that obligates the parties to cooperate with each other so that each may obtain the full benefit of performance," *Swiss Re Corp. Sols. Am. Ins. Corp. v. Kasma*, No. C23-5420 BHS, 2024 WL 3415960, at *5 (W.D. Wash. July 15, 2024) (cleaned up), Plaintiff offers no explanation for how Defendants violated this duty.

THE PLEADINGS - 13
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1    Plaintiff appears to be alleging a breach of the CBA; she uses the terms "sufficient cause,"

2    "tenure rights," and an "un-contracted for 'dismissal' review process." Compl. ¶ 4.12, 4.14, 4.16.

3    But as explained above, *see supra*, section III.D.1, prior to bringing suit, an employee must attempt

4    to exhaust any mandatory or exclusive grievance procedures. *Soremekun v. Thrifty Payless, Inc.*,

5    509 F.3d 978, 985–86 (9th Cir. 2007). Because Plaintiff fails to allege that she exhausted the

6    grievance procedures, her breach of good faith and fair dealing claim fails. *See Taylor v. St. Regis*

7    *Paper Co.*, 560 F. Supp. 546, 547–48 (C.D. Cal. 1983) (dismissing Plaintiff's claims for breach of

8    implied covenant of good faith and fair dealing because Plaintiff had not exhausted the mandatory

9    contractual grievance and arbitration procedures).

10    **3. Plaintiff's wrongful termination in violation of public policy claim fails**

11    Wrongful termination claims have generally been limited to four scenarios: when

12    "employees are fired" (1) "for refusing to commit an illegal act"; (2) "for performing a public duty

13    or obligation, such as serving jury duty"; (3) "for exercising a legal right or privilege" and (4) "in

14    retaliation for reporting employer misconduct, i.e., whistleblowing." *Becker v. Cmty. Health Sys.*

15    *Inc.*, 359 P.3d 746, 749 (Wash. 2015). Plaintiff fails to allege she was discharged for any of the

16    above reasons.

17    First, Plaintiff lists several public policies focused on the value of tenured faculty. None of

18    these fall within the four recognized categories for alleging a wrongful termination. Moreover, she

19    fails to allege her termination was the result of her public-policy-linked conduct. *See id*. Thus, her

20    wrongful termination claim on this basis fails.

21    Plaintiff also alleges that Defendants violated "Article 1, section 22" by dismissing Plaintiff

22    without sufficient cause, and "discriminated against her religious beliefs and creed in violation of

23    public policy." Compl. ¶ 4.39. Article I, Section 22 relates to the rights of the accused in a criminal

24    prosecution. She is not facing criminal prosecution.

25    DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 14
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   Plaintiff further alleges that "[i]t is also a recognized public policy that government comply

2   with constitutional guarantees and to respect a person's medical privacy and autonomy" and her

3   refusal to "authorize release of [her] medical records" "contributed to Plaintiff's job loss." Compl.

4   ¶¶ 4.35, 4.40. Because Plaintiff has failed to show that the vaccine verification requirements or the

5   vaccine mandate violated her privacy rights, *see infra*, section III.F.2, she cannot establish that her

6   employer violated a mandate in contravention of public policy.

7   Finally, Defendants had a legitimate, nondiscriminatory reason for terminating Plaintiff's

8   employment: her failure to follow the Proclamation. Because Plaintiff neither was vaccinated

9   against COVID-19 nor timely sought an accommodation from the Proclamation, she was legally

10  ineligible to continue working. For all these reasons, this Court should dismiss Plaintiff's wrongful

11  termination claim.

12  **E.      The Court Should Dismiss Plaintiff's Statutory Claims**

13      **1.   Plaintiff's Wage Theft/Wage Rebate Act claims fail as a matter of law**

14  Plaintiff alleges that Defendants "failed to pay Plaintiff's salary and benefits on or about

15  October 2021" and "Defendants' actions were willful and intended to deprive plaintiff of wages

16  due under the contract" which entitles her to "double exemplary damages" under Rev. Code of

17  Wash. § 49.52.050, .070. Compl. ¶¶ 4.20, 4.26. Plaintiff's claim fails because she was not legally

18  eligible to work and because she failed to exhaust her remedies under the CBA.

19  An employer violates the Washington Wage Rebate Act when it "[w]illfully and with

20  intent" "deprive[s] the employee of any part of his or her wages." Rev. Code of Wash. §

21  49.52.050(2). The employer's "genuine belief that he is not obligated to pay certain wages

22  precludes the withholding of wages from falling within the operation of RCW 49.52.050(2)."

23  *McMinimee v. Yakima Sch. Dist. No. 7*, No. 1:18-CV-3073-TOR, 2019 WL 11680199, at *10 (E.D.

24
25  DEFENDANTS' MOTION FOR JUDGMENT ON
    THE PLEADINGS - 15
    No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Wash. Aug. 7, 2019) (cleaned up). "[A] willful withholding [is] . . . not the result of a bona fide dispute as to the obligation of payment." *Id*. (cleaned up).

Plaintiff alleges she was placed on "unpaid administrative leave" and subsequently dismissed for refusing to take the COVID vaccine. *See* Compl. ¶¶ 3.26, 3.41. But the College was no longer obligated to pay Plaintiff once she was not legally eligible to work, and she was not legally eligible to work once she failed to get vaccinated or obtain an exemption. *See* Procl. 21-14.1 at 4–5. In addition, Plaintiff failed to allege exhaustion of the grievance procedure, precluding claims under the CBA. *See supra*, section III.D.1. Her wage theft claims fail.

### 2.  Plaintiff's WLAD retaliation claim fails as a matter of law

Plaintiff fails to establish a prima facie case of retaliation. She does not allege that she: (1) took a statutorily protected action, (2) she suffered an adverse employment action, and (3) a causal link between [her] protected activity and the adverse employment action." *Cornwell v. Microsoft Corp.,* 430 P.3d 229, 234 (Wash. 2018); *see also Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (plaintiff must show that her protected conduct was a but-for cause—but not necessarily the only cause—of her termination.")[11]

As alleged in the Complaint, Defendants terminated Plaintiff's employment because she failed to get vaccinated against COVID-19 or obtain an exemption, not because she engaged in any protected activity. *See id*. at 171 ("the allegations in the Complaint make clear that he was fired because of failure to comply with the company-wide vaccine policy"); *Bey v. Pocono Med. Ctr.*, No. 3:23-cv-0688, 2023 WL 8602284, at *8 (M.D. Pa. Dec. 12, 2023) (no retaliation claim where "[r]egardless of whether Bey sought a religious accommodation or complained of religious

---

[11] Washington courts "look to federal case law interpreting [the Americans With Disabilities Act (ADA) and Title VII] to guide [their] interpretation of the WLAD." *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 197 (Wash. 2014).

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 16
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1  discrimination, [the employer] would have terminated Bey for failing to obtain the Covid-19

2  vaccine"). Therefore, Plaintiff's retaliation claim fails.

3  ### 3. Plaintiff's WLAD "perceived disability" claim fails as a matter of law

4   Plaintiff's "perceived disability" claim fails because she cannot show: "(1) that [she was]

5  perceived to have a disability; (2) that [she was] able to perform the essential functions of the job;

6  and (3) that the perception of [her] disability was a substantial factor in [the employer's] decision

7  to deny [them] employment." *Taylor v. Burlington N. R.R. Holdings Inc.*, 801 F. App'x 477, 478

8  (9th Cir. 2020). Plaintiff's "perceived disability" claim fails.

9      First, Plaintiff was not singled out by Defendants—all state employees and educators were

10  required to be vaccinated or receive an exemption and thus, the policy "did not hinge on any

11  assessment of disability of perceived impairment." *Jorgenson v. Conduent Transp. Sols., Inc.*, No.

12  SAG-22-01648, 2023 WL 1472022, at *4 (D. Md. Feb. 2, 2023) (dismissing plaintiff's ADA

13  claim").

14      Second, Plaintiff does not allege what her perceived disability was. Plaintiff asserts that

15  "Defendants perceived or regarded Plaintiff as having an impairment or disability." Compl. ¶ 4.61.

16  But a plaintiff cannot rely on "[t]hreadbare recitals of the elements of a cause of action, supported

17  by mere conclusory statements" when alleging a discrimination for perceived impairment claim.

18  *Dillard v. Morris Cnty. Prosecutor's Off.*, No. 19-19089, 2020 WL 4932527, at *10 (D.N.J. Aug.

19  24, 2020) (citing *Iqbal*, 556 U.S. at 678). *See Doroz v. Columbia Place Assoc., LLC*, No. 6:13-

20  CV-1135, 2014 WL 5475289, at *3 (N.D.N.Y. Oct. 29, 2014) (dismissing ADA claim based on a

21  perceived disability where plaintiff merely alleged that defendants unlawfully caused his

22  termination because of his "disability and/or a perceived disability").

23      Third, Plaintiff has not plausibly alleged facts establishing the third element of her

24  disability discrimination claim—that her perceived disability was a substantial factor in her

DEFENDANTS' MOTION FOR JUDGMENT ON
25  THE PLEADINGS - 17
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

separation. Defendants had a legal duty to comply with the Proclamation, which prohibited them from employing individuals who were unvaccinated against COVID-19 unless they qualified for a reasonable accommodation. Procl. 21-14.1 at 4. Plaintiff was separated from her position at the College due to her failure to comply with a requirement of her job. *Speaks v. Health Sys. Mgmt., Inc.*, No. 5:22-CV-00077-KDB-DCK, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022) ("Refusing to get a vaccine required by an employer is not itself an 'impairment' of any sort). For all these reasons, this Court should dismiss Plaintiff's "perceived disability" claim.

### 4. Plaintiff's WLAD "failure-to-accommodate" claim fails as a matter of law

To state a religious discrimination claim on a failure-to-accommodate theory, "a plaintiff must plead: "(1) a bona fide religious belief of the employee conflicted with an employment policy; (2) the employee informed the employer of the conflict; and (3) the employee was penalized in some way because of the conflict." *Bartholomew v. Washington*, 693 F. Supp. 3d 1107, 1113 (W.D. Wash. 2023). The elements of a religious discrimination claim are the same under WLAD and Title VII. *See North v. Washington*, No. 3:23-cv-05552-TMC, 2023 WL 8281609, at *2 (W.D. Wash. Nov. 30, 2023). Plaintiff's failure-to-accommodate claim neither alleges a bona fide religious belief that conflicts with COVID vaccination nor that she informed her employer of the conflict. *See Bartholomew*, 693 F. Supp. 3d at 1113. Plaintiff's claim fails.

To begin, Plaintiff's allegations regarding a bona fide religious belief are threadbare: she checked "Yes" on a COVID-vaccine exemption form in response to the question of whether she has "a sincerely held religious belief or religious conviction that prevents [her] from receiving the COVID-19 vaccine;" Compl. ¶ 3.32; and she "espouses to the sanctity of life" and "believes the untested and experimental mRNA technology has the potential or actually causes a physical change to Plaintiff's God-give DNA," *id*. ¶ 4.74–4.75. These statements do not adequately allege that Plaintiff had a "bona fide" religious belief that conflicted with the Proclamation. To plausibly

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 18
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

allege "a bona fide religious belief," a Title VII plaintiff must offer more than "conclusory allegations . . . with no concrete, relevant particulars." *Peterson v. Hewlett-Packard*, 358 F.3d 599, 603 (9th Cir. 2004). Rather, she must identify particular beliefs that are protected by Title VII because they are "religious in nature." *Winans v. Cox Auto., Inc.*, No. CV 22-3826, 2023 WL 2975872, at *4 (E.D. Pa. Apr. 17, 2023) ("While we accept as true that Plaintiff has concerns with the COVID-19 vaccine, we cannot reasonably infer . . . that his concerns are religious in nature."). The allegations in the exemption request and complaint do not satisfy this basic requirement. Moreover, courts have held that scientific and health-based beliefs like the ones Plaintiff articulates do not qualify as religious beliefs. *See McDowell v. Bayhealth Med. Ctr.*, No. 24-1157, 2024 WL 4799870, at *2 n.5 (3d Cir. Nov. 15, 2024) (dismissing plaintiffs' Title VII claim, finding that plaintiffs' concerns about the vaccine altering their DNA to be "rooted in personal, secular, scientific, or medical views about the vaccine and its impact . . .  in ways that are unconnected to their overarching religious beliefs."); *Wilson v. N.Y. Soc'y for Relief of Ruptured & Crippled, Maintaining Hosp. for Special Surgery*, No. 22-CV-9207 (AT) (JLC), 2023 WL 5766030, at *4 (S.D.N.Y. Sept. 7, 2023) (same where plaintiff cited "conflicts with the Mrna nature of the vaccines and [his] moral/personal beliefs"), *R&R adopted*, 2023 WL 8622621 (S.D.N.Y. Dec. 13, 2023). Further, Plaintiff does not explain how the alteration of her DNA is contrary to her belief in the sanctity of life. *See Hand v. Bayhealth Med. Ctr.*, No. 22-1548-RGA, 2024 WL 359245, at *5 (D. Del. Jan. 31, 2024).

Plaintiff also fails to allege that she informed the Defendants of the conflict between a religious belief and compliance with a job requirement before her discharge. *See*, *e.g.*, *Nobach v. Woodland Vill. Nursing Ctr., Inc.*, 799 F.3d 374, 378 (5th Cir. 2015) (no Title VII claim where there was no evidence that, "before her discharge, [Plaintiff] ever advised anyone involved in her discharge that [employment requirement] was against her religion"); *Craven v. Shriners Hosps.*

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 19
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*for Child.*, No. 3:22-cv-01619-IM, 2024 WL 21557, at *4 n.3 (D. Or. Jan. 2, 2024) ("under the second element of a prima facie case, the conflict a Title VII Plaintiff alleges must be the same conflict of which he informed his employer.").

Here, Plaintiff alleges only that she checked a box on a COVID-vaccine exemption form. The COVID-exemption form did not identify a religious belief that conflicts with the vaccination in her exemption request. And although Plaintiff asserts new allegations regarding her religious beliefs in the Complaint she does not allege she informed her employer of these beliefs. And as explained above, these new allegations do not plausibly demonstrate a religious conflict with COVID-19 vaccination. Therefore, the Complaint's new allegations cannot satisfy the notice element of her prima facie case. *See Nobach*, 799 F.3d at 378.

### 5. Plaintiff's WLAD "disparate treatment" claim fails as a matter of law

Plaintiff fails to allege two of the prima facie elements of disparate treatment claim: (1) "she was within a statutorily protected class; and (2) "the position remained open and the employer continued to seek applicants with qualifications similar to the plaintiff." *Mikkelson v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 404 P.3d 464, 470 (Wash. 2017).

Plaintiff does not allege that after her termination Defendants "continued to seek applicants" for her position who were unvaccinated. *See id.* Nor does she allege that she was treated less favorably "than a similarly situated nonprotected *employee.*" *Johnson v. Dep't of Soc. & Health Servs.*, 907 P.2d 1223, 1231 (Wash. Ct. App. 1996) (emphasis added). Rather, Plaintiff alleges that "Defendants' *students and inmates* were treated more favorably than Plaintiff with regard to the 'vaccine mandate' and disclosure of health care information." Compl. ¶ 4.93 (emphasis added). And both the Complaint and Proclamation make clear vaccination became a required qualification of Plaintiff's job. *Se*e Procl. 21-14.1 at 4; Compl. ¶ 3.15. Thus, Plaintiff's allegations confirm her termination was based on "the most common nondiscriminatory reason[]":

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 20
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1   she did not meet the required qualification of her position that she be vaccinated against COVID-

2   19. *Mikkelson*, 404 P.3d at 473. The Court should dismiss Plaintiff's disparate treatment claim.

3   **F.    The Court Should Dismiss Plaintiff's State Constitutional Claims**

4        Plaintiff brings five distinct claims under the Washington Constitution: (i) an unlawful

5   taking; (ii) invasion of privacy; (iii) deprivation of life, liberty, or property; (iv) freedom of

6   conscience; and (v) equal protection. As an initial matter, "there is not a private right of action,

7   akin to a § 1983 claim for violations of federal constitutional rights, available under the

8   Washington Constitution." *White v. Shaffer*, No. C13-5952 RBL, 2014 WL 1116735, at *2 (W.D.

9   Wash. Mar. 20, 2014). This well-established principle defeats at the threshold four of Plaintiff's

10   five state constitutional claims for damages (all except the takings claim). Moreover, each fails on

11   the merits because Plaintiff has not plausibly alleged that Defendants' conduct violated any state

12   constitutional right.

13       **1.    Plaintiff's unlawful taking claim fails as a matter of law**

14        Plaintiff alleges that she was "unlawfully deprived of her property interest in tenured

15   employment" which constituted an unlawful taking under Wash. Const. Art. I, § 16. Compl. ¶¶

16   4.98, 4.111. The Takings Clause prohibits the taking of private property for public use without just

17   compensation. *Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, No. 3:23-cv-05071-TMC,

18   2024 WL 4645146, at *9 (W.D. Wash. Oct. 31, 2024). Washington courts treat the takings clause

19   under the state constitution as coextensive with its federal constitutional counterpart. *See*, *e.g.*,

20   *Chong Yim v. City of Seattle*, 451 P.3d 675, 682 (Wash. 2019). Plaintiff's takings claim fails

21   because she does not allege and cannot show that the termination of her employment constitutes

22   the taking of her job for "public use," a required element of a takings claim. *See Strandquist*, 2024

23   WL 4645146, at *9; *Vale v. City of Seattle*, No. 2:23-cv-01095-TLF, 2024 WL 3043592, at *10,

24   *12 (W.D. Wash. June 18, 2024) (dismissing takings claim with prejudice where plaintiffs did not

25   DEFENDANTS' MOTION FOR JUDGMENT ON
    THE PLEADINGS - 21
    No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1  "allege that their wages, pension rights and 'other contractual benefits of employment' were used

2  for public use."). Thus, this Court should dismiss Plaintiff's takings claim against all Defendants.

3  **2. Plaintiff's invasion of privacy claim fails as a matter of law**

4  Plaintiff alleges defendants violated her privacy rights in two ways: 1) they forced her to

5  reveal medical information; and 2) they infringed on her right to refuse medical treatment. Under

6  article I, section 7 of the Washington Constitution, "[n]o person shall be disturbed in his private

7  affairs, or his home invaded, without authority of law." The Washington Supreme Court has

8  interpreted article I, section 7 to include the right to autonomous decision-making and the right to

9  nondisclosure of intimate personal information, or confidentiality. *Wash. Pub. Employees Ass'n v.*

10  *Wash. State Ctr. for Childhood Deafness & Hearing Loss*, 450 P.3d 601, 611–12 (Wash. 2019).

11  The autonomy interest is recognized as a fundamental right and confers heightened

12  constitutional protection. *Id*. at 612. "Government action that infringes on this right receives strict

13  scrutiny, and the State must identify a compelling governmental interest to justify such action. *Id*.

14  The interest in confidentiality, or nondisclosure of personal information, on the other hand,

15  is not a fundamental right. *Id*. Courts engage in a balancing analysis and allow the State to require

16  disclosure of personal information when it serves a legitimate governmental interest. *Id*. For

17  example, in *Peninsula Counseling Ctr. v. Rahm*, 719 P.2d 926, 929–30 (Wash. 1986), the Court

18  held that under the Washington constitution, the State had a legitimate governmental interest in

19  the disclosure of patient records in order to comply with federal statutory requirements for

20  receiving federal funds. The Court applied rational basis analysis to conclude that "disclosure of

21  intimate information to governmental agencies is permissible if it is carefully tailored to meet a

22  valid governmental interest, [and provided] the disclosure [is no] greater than is reasonably

23  necessary." *Id.* at 929.

24

25  DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 22
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Here, Plaintiff alleges that Defendants violated her constitutional right to privacy by "unlawfully pressuring [her] to reveal her vaccine status." Compl. ¶ 4.119. Because the requirement to disclose vaccine status implicates Plaintiff's interest in nondisclosure of personal information, the requirement for educators to disclose their vaccine statuses must be carefully tailored to meet a valid governmental interest. The State unquestionably had a valid interest in slowing the spread of COVID-19, which at the time of the Proclamation was infecting thousands of Washingtonians daily.[12] Plaintiff alleges that "both vaccinated individuals and unvaccinated individuals can contract and transmit COVID-19." Compl. ¶ 4.143. But data from that period showed that unvaccinated people were 5 times more likely to contract, 10 times more likely to be hospitalized with, and 10 times more likely to die from COVID-19 than those who were fully vaccinated.[13][14] The requirement to provide proof of being fully vaccinated is carefully tailored to enforce the vaccine mandate, and thus slow the spread of COVID-19. Plaintiff's invasion of privacy claim on the basis of being required to reveal her vaccine status fails.

Plaintiff next alleges that Defendants violated her constitutional right to privacy by "impos[ing] a medical treatment" on her. Compl. ¶ 4.117. The Washington Supreme Court has held that the specific privacy right to refuse medical treatment "under article I, section 7 in this context is coextensive with, but not greater than, the protection granted under the federal constitution." *McNabb v. Dep't of Corr.*, 180 P.3d 1257, 1262 (Wash. 2008). Plaintiff's claim fails because "[s]he does not have a fundamental right to refuse a vaccine." *Jensen v. Biden*, No. 4:21-

---

[12] CDC, *Covid Data Tracker*, *supra* note 1.

[13] CDC, *Monitoring Incidence of COVID-19 Cases, Hospitalizations, and Deaths, by Vaccination Status*, *supra* note 6.

[14] While courts must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint, this rule does not apply to allegations that contradict matters properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001); *Jordan v. Bank of America N.A.*, 396 F. Supp. 3d 922, 928 (E.D. Cal. 2019).

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 23
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

CV-5119, TOR, 2021 WL 10280395, at *8 (E.D. Wash. Nov. 19, 2021); *see also Griner v. Biden*, No. 2:22CV149 DAK-DBP, 2022 WL 7501065, at *7 (D. Utah Oct. 13, 2022); *State ex rel. McFadden v. Shorrock*, 104 P. 214, 216 (Wash. 1909). Here, the Proclamation "does not require individuals to get vaccinated; it simply creates employment requirements for certain state workers." *Jensen*, 2021 WL 10280395, at *8; *see Pilz v. Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172, at *8 (W.D. Wash. May 27, 2022) ("The Proclamation does not compel anyone to be vaccinated without their consent. Plaintiffs had a choice: get vaccinated and continue working for the state or remain unvaccinated and work elsewhere."). The consensus among federal courts that vaccine requirements do not violate employees' privacy rights provides persuasive authority that Plaintiffs' state constitutional challenge on the basis of an "imposed medical treatment" is similarly unavailing.

### 3. Plaintiff's "deprivation of life, liberty, or property" claim fails as a matter of law

Plaintiff, citing Washington's Due Process clause, alleges that "Defendants deprived Plaintiff of her tenure, salary, pension rights, and employment benefits" "without due process of law." Compl. ¶ 4.128–29. Washington courts treat the "deprivation of life, liberty, or property" clause as coextensive with its federal counterpart. *See State v. Clare*, 544 P.3d 1099, 1105–06 (Wash. Ct. App. 2024).

Courts have repeatedly rejected procedural due process challenges to the Proclamation. "[W]hen a policy is generally applicable, employees are not 'entitled to process above and beyond the notice provided by the enactment and publication' of the policy itself." *Bacon v. Woodward*, No. 2:21-CV-0296-TOR, 2021 WL 5183059, at *3 (E.D. Wash. Nov. 8, 2021); *see also Pilz*, 2022 WL 1719172, at *7 (finding adoption of Proclamation and notice of the vaccine requirement sufficient to provide procedural due process); *Gray v. Wash. State Dep't of Transp.*, No. 3:23-cv-05418-DGE, 2023 WL 6622232, at *5 (W.D. Wash. Oct. 11, 2023) ("[w]hether or not Plaintiff['s]

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

challenge to the State's religious accommodation exemption is an as applied challenge or a facial challenge is irrelevant because the enactment of the Proclamation itself was generally applicable and therefore provided all the procedural due process due to state employees."); *Williams v. Brown*, 567 F. Supp. 3d 1213, 1224 (D. Or. 2021) (procedural due process claim was unlikely to succeed because "the vaccine mandates are plainly laws of broad applicability and apply respectively to healthcare workers, school employees, and state executive employees across Oregon."). The same rule applies to employees who can be removed only for cause. *See Hanford Exec. Mgmt. Employee Ass'n v. City of Hanford,* No. 1:11-cv-00828-AWI-SAB, 2014 WL 334200, at *8–*19 (E.D. Cal. Jan. 29, 2014). Thus, Plaintiff's procedural due process claim fails.

### 4.  Plaintiff's freedom of conscience claim fails as a matter of law

Plaintiff alleges that "Defendants violated Wash. Const. art. I, § 11" by "diminish[ing] Plaintiff's expression of her conscience." Compl. ¶¶ 4.132–33. Plaintiff's argument fails.

As an initial matter, to sustain an Article I, section 11 challenge, a plaintiff initially has the burden of showing that she has "(1) a sincere religious belief" and "(2) the exercise of that belief is substantially burdened by the challenged law." *State v. Arlene's Flowers, Inc.*, 441 P.3d 1203, 1233 (Wash. 2019). Plaintiff's claim under Article I, section 11 of the Washington Constitution fails for the same reason as her failure-to-accommodate claims, *see supra* section III.E.4: Plaintiff has failed to allege that the COVID-19 vaccination requirement conflicts with her religious beliefs.

Whether a proffered belief is "religious" under Article I, section 11, is governed by "the same test" as Title VII and the WLAD. *Compare Riste v. E. Wash. Bible Camp, Inc.*, 605 P.2d 1294, 1296 (Wash. Ct. App. 1980) ("Creed, as used in the statute and in its common dictionary meaning, refers to a system of religious beliefs."), and 42 U.S.C. § 2000e(j) ("The term 'religion' includes all aspects of religious observance and practice, as well as belief, . . ."), *with Witters v. State Comm'n for the Blind*, 771 P.2d 1119, 1123 (Wash. 1989) ("To prevail in a free exercise

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 25
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

case,. . . . The challenged state action must somehow compel or pressure the individual to violate a tenet of his religious belief.") (cleaned up). As explained above, Plaintiff has failed to allege any bona fide religious belief that COVID-19 vaccination would violate. Nor, as a consequence, has she explained how Defendants burdened her religious beliefs (let alone substantially). Plaintiff's Article I, section 11 claim fails for this reason alone.

Plaintiff's claim also fails because she challenges a facially neutral, generally applicable health and safety regulation. Indeed, numerous courts in the Free Exercise context have upheld government vaccination requirements as neutral, generally applicable, and constitutional under rational basis review—even if they allowed no religious exemptions. *See*, *e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017); *Phillips v. City of N.Y.*, 775 F.3d 538, 543 (2d Cir. 2015) (same). Consistent with that established rule, in the COVID-19 context, countless federal courts have rejected free exercise challenges to vaccination requirements—both facially and as applied to particular employees. *See Pilz v. Inslee*, No. 22-35508, 2023 WL 8866565, at *2 (9th Cir. Dec. 22, 2023); *Gray*, 2023 WL 6622232, at *3.

Although the Washington Supreme Court has not decided what standard applies under the state constitution to a "neutral health and safety regulation," *Arlene's Flowers, Inc.*, 441 P.3d at 1233, at least two superior courts in Washington have held that strict scrutiny does not apply to article I, section 11 challenges to COVID-19 vaccination requirements. In *Cleary v. Inslee*, No. 21-2-01674-34 (Thurston Cnty. Super Ct.), Judge Murphy held that "strict scrutiny does *not* apply" to the plaintiffs' challenge to the Proclamation under article I, section 11, and dismissed that claim on the pleadings. Khandelwal Decl., Ex. F at 2 (emphasis added); *id*., Ex. G at 47; *id*., Ex. H at 1–2. (Alternatively, Judge Murphy held that, "even if [strict scrutiny] did apply, Plaintiffs would still be unlikely to prevail." *Id*., Ex. F at 2). And in *Mattila v. City of Seattle*, No. 22-2-14316-9 (King Cnty. Super. Ct. 2022), the King County Superior Court denied a motion for preliminary injunction

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 26
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

against a vaccine mandate for municipal employees and concluded that plaintiffs were unlikely to prevail on their article I, section 11 claim. Khandelwal Decl., Ex. I at 1–2, Ex. J at 35–39.. Consistent with those decisions, the Court should dismiss Plaintiff's state religious freedom claim.

### 5.  Plaintiff's equal protection claim fails as a matter of law

Plaintiff alleges that "Defendants violated Pyne's constitutional right to equal protection of the laws by treating her position as a tenured professor less favorably than that of a college student or prisoner at the Department of Corrections." Compl. ¶ 4.140. Plaintiff's claim fails.

Washington courts treat the equal protection provision of the state constitution as coextensive with its federal constitutional counterpart. *See State v. Manussier*, 921 P.2d 473, 482 (Wash. 1996). To bring a successful equal protection claim, plaintiff "must demonstrate that they received different treatment from that received from other individuals similarly situated." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009). At the pleading stage, that means plaintiffs must adequately allege that they are "alike 'in all relevant respects,'" *Harvard v. Cesnalis*, 973 F.3d 190, 205 (3d Cir. 2020) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326 (1992), and must offer more than conclusory assertions. *CHDI*, 93 F.4th at 84.

Here, Plaintiff fails to plead how she as a professor was similarly situated to a college student or prisoner at the Department of Corrections, let alone to show that they were "alike in all relevant respects." *Id*. at 85 (cleaned up).

Even if Plaintiff could allege that she was similarly situated to a college student or prisoner, her equal protection claim would fail. Plaintiff does not allege that she is a member of a suspect class and admits that the vaccine requirement is subject to rational basis review. *See* Compl. ¶ 4.144. Under rational basis review, a government action is valid so long as it is "rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 27
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

And there is no question the State has a legitimate interest in slowing the spread of COVID-19, which at the time of the Proclamation was infecting thousands of Washingtonians daily.[15] Data from that period showed that unvaccinated people were 5 times more likely to contract, 10 times more likely to be hospitalized with, and 10 times more likely to die from COVID-19 than those who were fully vaccinated.[16] Thus, Plaintiffs cannot allege the Proclamation was not rationally related to furthering the state interest in slowing the spread of COVID-19. *See*, *e.g.*, *Kheriaty v. Regents of the Univ. of Cal.*, No. SACV 21-01367 JVS (KESx), 2021 WL 4714664, at *9 (C.D. Cal. Sept. 29, 2021) ("The Vaccine Policy satisfies rational basis review under both substantive due process and the equal protection clause."); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1176 (D.N.M. 2021) (similar); *Williams*, 567 F. Supp. 3d at 1228 (similar). Plaintiffs equal protection claim fails.

## G.    The Court Should Dismiss Plaintiff's § 1983 claim

### 1.    The College and DOC are not persons under § 1983, so the claim against them for damages must be dismissed

Claims seeking money damages for state actors' violations of the federal constitution must be brought pursuant to § 1983. *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 917 (9th Cir. 2003). Section 1983 establishes liability for "person[s]" who cause the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. But neither state agencies nor state colleges are "persons" subject to suit under Section 1983, unless they are sued for prospective injunctive relief. *Gray*, 2023 WL 6622232, *2; *Kaimowitz v. Bd. of Trustees of Univ. of Illinois*, 951 F.2d 765, 767 (7th Cir. 1991). Plaintiff's Free Exercise Claim for damages against DOC and the College must be dismissed.

---

[15] CDC, COVID Data Tracker, *supra* note 1.

[16] CDC, *Monitoring Incidence of COVID-19 Cases, Hospitalizations, and Deaths, by Vaccination Status*, *supra* note 6.

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 28
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

### 2.  Plaintiff's free exercise claim fails on the merits

To prove a free exercise violation, the plaintiff has the initial burden of demonstrating that the defendants burdened the practice of her sincerely held religious beliefs. *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).  Here, Plaintiff has not even alleged this basic requirement. *See* Compl. ¶¶ 4.146–51. Her free exercise claim fails for this reason alone.

Plaintiff alleges, instead, that Defendants violated her free exercise rights by undertaking "a constitutionally impermissible inquiry in to the validity or plausibility of Plaintiff's sincerely held beliefs" by asking her to explain her religious beliefs on the exemption form. Compl. ¶ 4.147. But while a state is not entitled to evaluate the legitimacy of religious beliefs, courts have made clear that the state is permitted to assess whether a belief is sincerely held and religious in nature in considering a religious exemption. *See*, *e.g.*, *Carrero v. City of Chicago*, No. 23-cv-00650, 2024 WL 22099, at *4 (N.D. Ill. Jan. 2, 2024). Further, the Free Exercise Clause does not entitle anyone to a religious exemption from facially neutral generally applicable vaccination requirements. *See supra*, section III.F.4. Therefore, Plaintiff's free exercise claim fails.

### H.  Plaintiff requests overbroad injunctions in violation of Federal Rule of Civil Procedure 65.

Plaintiff seeks injunctive relief prohibiting defendants from "engaging in future wrongdoing," from "failing to bargain with tenured faculty or the union," from "improper requirements" to disclose medical information, and from "mishandling employee's medical information." Compl. ¶¶ 4.153–57. "[B]lanket injunctions to obey the law are disfavored." *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.,* 518 F.Supp.2d 1197, 1226 (C.D. Cal. 2007). This court should deny this request.

DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS - 29
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## IV. CONCLUSION

Defendants respectfully request that this Court grant Defendants' motion and dismiss Plaintiff's claims as to DOC defendants and stay or, in the alternative, dismiss this matter with respect to Centralia defendants.

I certify that this memorandum contains 9,556 words, in compliance with the Local Civil Rules and Dkt. 14 Order Granting Defendants' Motion to Exceed Word Limits.

DATED this 14th day of February, 2025.

PACIFICA LAW GROUP LLP

*s/ Anita Khandelwal*
Anita Khandelwal, WSBA #41385

*s/ Meha Goyal*
Meha Goyal, WSBA #56058

PACIFICA LAW GROUP LLP
1191 Second Avenue, Suite 2000
Seattle, WA 98101
206-245-1700
Ian.Rogers@pacificalawgroup.com
Meha.Goyal@pacificalawgroup.com

*Attorneys for Defendants Centralia College, Robert Mohrbacher, Washington State Department of Corrections, Dan White, and Cheryl Strange*

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS - 30
No. 3:24-CV-05954-TMC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750